Manton v. Poole.

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels*, Justices.]

## MANTON vs. POOLE and others.

To entitle a party to an attachment, a reasonably plain case must be made out. The existence of a cause of action must be shown.

The affidavit should contain a statement of the facts out of which the claim arose; and they should appear to warrant the conclusion or claim deduced from them. A statement of its amount, without facts justifying the conclusion, does not comply with the requirements of the Code.

A mere recital of facts, without a direct statement of the existence of any of them, is insufficient.

Where the action is to recover damages for the breach of an agreement, so much of the agreement as contains the obligation relied upon as the foundation of the action should be plainly and positively disclosed in the affidavit for an attachment; and it should then be shown, with equal directness, in what respect there has been a failure of performance, and how, and to what extent, the plaintiff has been injured, by means of it.

Manton *v.* Poole.

APPEAL from an order denying a motion to set aside an attachment. (*S. C.*, *briefly reported*, 4 *Hun*, 638.)

*James C. Carter*, for the appellants.

*John S. Washburn*, for the respondent.

*By the Court*, DANIELS, J.   In order to entitle a party to an attachment for the seizure of his debtor's property, a reasonably plain case is required to be made out.   And an indispensable circumstance to make it out is the existence of a cause of action.   For that purpose the Code has required that it shall appear by affidavit that a cause of action exists against the defendant, specifying the amount of the claim, and the grounds thereof, (§ 229.) The affidavit made by the plaintiff, on which the attachment in this case was issued, wholly failed to comply with this requirement.   It did not appear from it that any cause of action existed in his favor.   To show that, the affidavit should have contained a statement of the facts out of which the claim was supposed to have arisen. They were the grounds which the statute provides shall be stated.   And without them it cannot appear that a cause of action exists in the plaintiff's favor.   For that purpose it would be clearly insufficient for the party to state, merely, that he has a cause of action.   That would not show its existence, as the law provides it shall be disclosed before an attachment can be issued in the action.   It would simply be the plaintiff's conclusion. And nothing more than that was set forth in the plaintiff's affidavit.   It did not show that the defendants had entered into a covenant, or agreement with him, which they had failed to perform, or anything from which it could be logically inferred that any assignable amount of damages had been sustained by any such non-performance.

The affidavit set forth, only by way of recital, that the defendants were indebted to the plaintiff in the sum of $20,000, and that the grounds of the claim were the breach and violation by the said defendants of the covenants, agreements and conditions on their part to be kept and performed, contained in a certain agreement and patent license, duly made on or about the 26th day of August, in writing, under seal of that date, duly executed by and between deponent, this plaintiff, as party of the first part thereto, and said defendants as parties of the second part thereto, and particularly the breach and violation by said defendants of their covenant and agreement therein contained, to use all proper and reasonable efforts, by the employment of agents and canvassers, and by advertising, to make sale of the boilers in the territory, in and as in said agreement and license specified and provided, and to make the patent therein specified remunerative to this plaintiff, said party of the first part thereto, to the damage of the said plaintiff, said sum of $20,000. And that was all that was stated for the purpose of showing the grounds of the claim, or the existence of a cause of action. It may all be true except the claim of the amount mentioned, and yet the plaintiff be entitled to recover nothing. It was a mere recital of facts without a direct statement of the existence of any of them, beyond the execution of the agreement referred to. That it contained any covenant or stipulation, by which the defendants really bound themselves to do anything for the plaintiff was not set forth as a matter of fact; nor in what respects they had failed to perform, if any such failure actually existed.

In a case of this description, so much of the agreement as contains the obligation relied upon as the foundation of the action, should be plainly and positively disclosed; and it should then be shown with equal directness in what respect there has been a failure of performance, and how and to what extent the plaintiff

has been injured by means of it. Nothing less than that can adequately protect defendants against unjust or oppressive seizure of their property by attachment. The facts must be stated, and they should appear to warrant the conclusion, or claim, deduced from them. A statement of its amount, without facts justifying the conclusion, does not comply with what the Code has required in this respect.

The plaintiff's statements would have just as well sustained a claim of $100,000 as one of $20,000. The facts in the affidavit should appear to sustain the claim made upon them, before the plaintiff can be entitled to an attachment upon it. That was not the state of the case made in this action; and for that reason the order should be reversed, with ten dollars costs, besides disbursements, and an order made setting aside the attachment, with ten dollars costs of motion.

Order reversed.

[First Department, General Term at New York, May 3, 1875. *Davis, Brady* and *Daniels,* Justices.]