### PRIDE v. INDIANAPOLIS, D. & W. RY. CO.

*(Supreme Court, General Term, First Department.* January 28, 1889.)

ATTACHMENT—AFFIDAVIT—INFORMATION AND BELIEF.

An attachment, issued on the ground that defendant is a foreign corporation, on a complaint alleging a cause of action "on information and belief," without explaining the sources of information, or profert of any document or allegation of ability to obtain the informants' affidavits, is properly vacated.

Appeal from special term, New York county.

Action by George H. Pride against the Indianapolis, Decatur & Western Railway Company. An attachment was issued on plaintiff's affidavit that defendant was a foreign corporation, which was afterwards vacated on defendant's motion, and from the order vacating it plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*E. R. Dodge,* for appellant. *Nelson S. Spencer,* for respondent.

BRADY, J. The cause of action, as alleged, rests upon information and belief. If the occurrences stated took place as narrated, the defendants assumed the payment of the coupons on which the action was brought. They are not original obligations of the defendant; but became payable by it on the purchase of the Indianapolis, Decatur & Springfield Railway Company—the subsequent organization of two new corporations—by the purchasing committee to which the purchase was transferred, and the ultimate consolidation of these new companies into one, namely, the defendant in this action. If all this was done as averred, and legally accomplished, the defendant would be liable for the interest coupons mentioned, but the allegations should be so made as to leave no doubt of the facts stated. The mere averment of them on information and belief, without explanation or profert of any document, or the expression of the sources of information and ability to get the informants as affiants, leaves a meager case on which to seize the defendant's prop-

erty on an attachment granted on the ground that it is a foreign corporation only. In deciding the motion which caused this appeal the learned justice in the court below applied, as required, the well-established rules. He said: "The facts upon which the alleged liability of the defendant to pay the coupons is claimed are set up on information or belief. The source of such information is not given, nor is it stated whence or from whom it is derived. The affidavit and complaint are insufficient. *Bank* v. *Alberger*, 78 N. Y. 252; *Marine Nat. Bank* v. *Ward*, 35·Hun, 395. See, also, *Yates* v. *North*, 44 N. Y. 271. The appellant seeks to avoid the application of these rules by asserting that they relate to hearsay or parol statements, and not to those founded on documentary evidence presumptively in the possession of the defendant. This is begging the question. We can assume nothing on that subject. The authority to issue an attachment rests necessarily and justly on facts, the principal of which is the obligation to pay and the proof of which would be indispensable before a judgment could be obtained, and an execution issued. The attachment is an inverted process exercising the prerogatives of the execution, and doing *in presenti* what otherwise could not be done except *in futuro,* and after due and orderly investigation. When this remedy is resorted to, and especially on the ground of non-residence, the liability of the defendant should be shown by evidence such as would be required on the trial to make out a *prima facie* case. This has not been done herein, and the attachment was properly vacated. The order made below should be affirmed for these reasons. Ordered accordingly, with $10 costs and disbursements of this appeal. All concur.