LABALT v. SCHULHOF et al.

(Supreme Court, General Term, First Department. March 29, 1889.)

ATTACHMENT—AFFIDAVIT—SUFFICIENCY.

An affidavit for attachment stated that a cause of action existed against the defendants for breach of an express contract in writing by which defendants, in consideration of 2,000 gulden, agreed to pay plaintiff $1,000, and 5 per cent. of all profits made in disposing of a certain invention; that it was sold for $50,000, and that plaintiff's share of the profits was $10,000. The express contract was not set forth; the time when payments were to be made was not alleged; nor was it alleged that the whole $50,000, or any part, was clear profit, and the computation by which $10,000 was found to be due plaintiff was not given. Held, that the affidavit was insufficient.

Appeal from special term, New York county.

Leonard Labalt obtained an attachment against Josef Schulhof and others, and defendants appeal from an order denying a motion to vacate the attachment.

Argued before VAN BRUNT, P. J , and BARTLETT, J.

Benno Loewy, for appellants. Charles Wehle, for respondent.

BARTLETT, J. To entitle a plaintiff to a warrant of attachment he must show by affidavit, to the satisfaction of the judge granting the warrant, that one of the causes of action specified in section 635 of the Code of Civil Procedure exists against the defendant. We do not think the affidavit upon which the attachment in the present case was granted satisfactorily establishes the existence of such a cause of action. That affidavit is made by the plaintiff himself, who swears "that a cause of action exists against the said defendants for the breach of an express contract in writing made between said plaintiff and said defendants, in the city of Vienna, on the 8th day of August, 1883, whereby the said defendants, in consideration of the sum of two thousand gulden, paid by said plaintiff to said defendants, agreed to pay to said plaintiff the sum of one thousand dollars, and five per centum of all profits made or to be made by them in disposing of the invention of said Josef Schulhof relating to repeating rifles, known as 'Schulhof's invention.'" And the plaintiff further says, in the same affidavit, "that the said defendants recently sold said invention for the sum of fifty thousand dollars in cash, and reserving to them other profits to a large amount; that his share of the said profits, according to the said agreement, amounts to ten thousand dollars at present, and that plaintiff is entitled to recover of said defendants said sum of ten thousand dollars over and above all counter-claims known to him;" and "that no part thereof has been paid, although the same was duly demanded." This is all that the plaintiff's affidavit contains with reference to his alleged cause of action. The express contract in writing is not set forth. As stated by the plaintiff, the undertaking of the defendants was to pay $1,000 and 5 per cent. of all profits made or to be made in disposing of a certain invention. But to pay when? The affidavit is silent as to the time. There is absolutely nothing to indicate the date at which the sum of $1,000 was to be paid. And when were the profits to be payable? It may perhaps be presumed that they were to be paid over as soon as received by the defendants, but this is a mere matter of inference, and is nowhere stated as a matter of fact. It may or may not be correct. And then there is not even a distinct assertion that the $50,000 for which the invention was sold represented profits in whole or in part. It is only because the plaintiff speaks of the defendants as "reserving to them other profits to a large amount" that we may infer that the cash proceeds of the sale constituted profits. As to what these other profits were, thus reserved to the defendants, we are told nothing. The plaintiff's averment that his share of the profits, according to the agreement, amounts to $10,000 at present, is merely the statement of a conclusion, unaccompanied by any disclosure of the

specific facts upon which that conclusion is based. ¡Even if we regard the entire $50,000 as profit, 5 per cent. of that would be only $2,500. Add to this the $1,000 which the plaintiff says the defendants agreed to pay him, and we have $3,500. But the plaintiff's claim is $10,000, and he does not account for the additional $6,500 in any way except by saying that this amount is due to him as his share of the profits under the agreement. The affidavit in this case does not seem to us any stronger than that which was pronounced insufficient to sustain the attachment in *Pomeroy* v. *Ricketts*, 27 Hun, 242. The most that can be said here is that the plaintiff may have a cause of action. "In order to entitle a party to an attachment for the seizure of his debtor's property, a reasonably plain case is required to be made out, and an indispensable circumstance to make it out is the existence of a cause of action." *Manton* v. *Poole*, 67 Barb. 330. But the plaintiff's case is not plain at all. His affidavit does not suffice to show that a cause of action exists in his favor, unless we accept his conclusions, without any statement of some of the most material facts upon which those conclusions rest. This should not be done upon an application for an attachment. The order appealed from must be reversed, and the attachment vacated, with costs.

VAN BRUNT, P. J. concurs.