WILLIAM J. COMLEY et al., Respondents, v. HENRY DAZIAN, Impleaded, etc., Appellant.

Plaintiffs executed to one F. a bill of sale of certain goods, absolute in form, but which was intended merely as security; the goods remained in plaintiffs' possession. Subsequently F., at the request of plaintiffs, transferred the goods by bill of sale to defendant. This was done under an arrangement that defendant should take possession of the goods and with the consent and approval of plaintiffs, and not otherwise, sell them and distribute the proceeds among plaintiffs' creditors as directed; the assignment being made to avoid trouble with creditors. Defendant sold the goods without such consent and retained the proceeds. In an action for conversion, *held*, that the transfer by F. was simply a formal waiver of his security and left plaintiffs at liberty to dispose of the property; and that, as under the agreement with defendant, the latter had no power to complete the sale or deliver the property until he had obtained plaintiffs' approval as to price, the unauthorized sale was a conversion; and so, the action was maintainable.

Also, *held*, that, in the absence of evidence of the acceptance or adoption of the arrangement by plaintiffs' creditors, they had no legal interest in defendant's promise as to distribution; that such direction was revocable and a demand made before commencement of the action was sufficient notice of plaintiffs' intention to revoke it.

Where one takes title to personal property simply to secure himself as surety upon a bond of his assignors, he has no interest in the property that he can sell until after a breach in the condition of the bond. His title is both personal and contingent, and by an assignment before the contingency named has happened, he parts with his security without transferring any right to his assignee.

An agent entrusted with property to sell at a price to be approved by his principal, if he sells without such approval, is liable for a conversion.

Reported below, 21 J. & S. 516.

(Argued March 27, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 1, 1886, which affirmed a judgment in favor of the plaintiffs, entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This was an action for conversion.

On the 16th of March, 1882, the plaintiffs assigned certain costumes and other theatrical property, then owned by them,

to one Thomas M. Flemming by a bill of sale absolute in form. On the same day said Flemming gave them a receipt, stating that said bill of sale was not an absolute transfer, but was designed to secure him from loss as surety upon a bond signed by him for the plaintiffs in a suit then pending. After the settlement of said suit and on November 21, 1882, Flemming, at the request of the plaintiffs and pursuant to an arrangement between them and the defendant Dazian, transferred said property, which was still in the possession of the plaintiffs, to said Dazian and one D'Oyley Carte, who was originally joined as a defendant in this action, by executing to them a bill of sale thereof. The defendant Dazian sold the goods in violation of the agreement with the plaintiffs, who, after demand made, commenced this action. They allege in their complaint that they caused the property in question to be assigned and delivered to the defendants upon the agreement that said Dazian should solicit purchasers therefor, and, with the consent and approval of the plaintiffs, should sell the same and account to them for the proceeds; that all offers to purchase and the prices and terms of any proposed purchase should be submitted to them for their approval, and that no sales should be made without their consent. They further allege that the defendants sold and disposed of said property without the consent of the plaintiffs and received therefor the sum of $5,000; that the goods were worth more than that amount, and that the defendants, upon demand made, refused to deliver the costumes or to deliver or account for the moneys received on the sale thereof.

The defendant Dazian, by his answer, denied that the goods were received under the arrangement claimed by the plaintiffs, and alleged that the agreement was that the defendants should sell the costumes at such prices as they deemed proper and apply the proceeds towards the payment of two debts owing by the plaintiffs, one to the defendants for $2,500, and one to Dazian alone for $1,850; that they accordingly sold the property for the sum of $2,000, a price that seemed to them proper, and applied the proceeds upon said indebtedness.

The jury found that the goods were worth $4,000, and the complaint having been dismissed as to the defendant Carte, rendered a verdict for the plaintiffs against the defendant Dazian for $2,000, that being the difference between the amount of his debt against the plaintiffs and the value of the goods.

Further facts appear in the opinion.

*Matthew Hale* for appellant. The defendant Dazian did not convert the costumes to his own use by selling them at a price not first approved of by plaintiffs. (*Sergeant* v. *Blunt*, 16 J. R. 73; *Laverty* v. *Southern*, 68 N. Y. 526; *Moore* v. *McKibben*, 33 Barb. 246; *Dickinson* v. *Dudley*, 17 Hun, 569.) By virtue of the bill of sale, and under the agreement conceded by plaintiffs to have been made with Dazian, the latter was vested with the legal title to the costumes, and held them as trustee for certain purposes, viz., to make a sale thereof and to divide the proceeds among certain specified creditors. The creditors, as well as the plaintiffs, became *cestuis que trust*, and the interest of the parties became fixed and determined. (*Tiemeyer* v. *Turnquist*, 85 N. Y. 516, 522, 523; *Knapp* v. *McGowan*, 96 id. 75; *Royer Wheel Co.* v. *Fielding*, 101 id. 504; *Leitch* v. *Hollister*, 4 id. 211, 214; *Van Buskirk* v. *Warren*, 2 Keyes, 119; *S. C.*, 4 Abb. Dec. 457.) The direction to Dazian to distribute the proceeds among the four creditors could not be revoked unless by and with the consent of the creditors themselves. (*Kelly* v. *Roberts*, 40 N. Y. 432, 438; *Berly* v. *Tailor*, 5 Hill, 533; *Williams* v. *Fitch*, 18 N. Y. 546; *Lawrence* v. *Fox*, 20 id. 268; *Gridley* v. *Gridley*, 24 id. 130; *Lowry* v. *Steward*, 25 id. 236; *Ætna Nat. Bk.* v. *Fourth Nat. Bk.*, 46 id. 92; *In re Dutchess Co.* v. *Harding*, 49 id. 318; *Rogers Co.* v. *Kelly*, 88 id. 239; *Barlow* v. *Myers*, 3 Hun, 728; *Martin* v. *Funk*, 75 N. Y. 134.) The remedy of the plaintiffs for Dazian's misconduct was an action in equity. (*Day* v. *New Lots*, 107 N. Y. 148, 154; *Southwick* v. *First Nat. Bk.*, 61 How. Pr. 170; *Romeyn* v. *Sickles*, 108 N. Y. 650, 652; *Wood Co.* v. *Thayer*, 20 N. Y. St. Rep. 396;

*Town of Mentz* v. *Cook*, 13 id. 845 ; *Hollister* v. *Stewart*, 20 id. 941 ; *Hun* v. *Cary*, 82 id. 65 ; *Brinckerhoff* v. *Bostwick*, 105 id. 567 ; *Sortore* v. *Scott*, 6 Lans. 271 ; *Bishop* v. *Houghton*, 1 E. D. Smith, 572 ; Hill on Trustees, 42, 518 ; Code, § 452 ; *Sherman* v. *Parrish*, 53 N. Y. 483.) This action was not triable before a jury. (*Bradley* v. *Aldrich*, 40 N. Y. 504 ; *Davis* v. *Morris*, 36 id. 569 ; *Wheelock* v. *Lee*, 74 id. 500.)

*F. K. Pendleton* for respondents. A bailee cannot deny the bailor's title. (*Cook* v. *Holt*, 48 N. Y. 275 ; *Cook* v. *Hall*, 46 id. 375 ; *Davis* v. *Bruno*, 23 Hun, 648 ; *Scholey* v. *Worcester*, 4 Hun, 302 ; *Haight* v. *Kaye*, L. R. [7 Ct. App. Cas.] 469 ; *Robbins* v. *Robbins*, 89 N. Y. 251.) Under the Code it makes no difference what the pleader calls the action, if there are facts stated in the complaint and proved sufficient to constitute a cause of action, the plaintiff is entitled to recover. (*Connaughty* v. *Nichols*, 42 N. Y. 83 ; *Ladd* v. *Arkell*, 37 Super. Ct. 35 ; *Laverty* v. *Snethen*, 68 N. Y. 522 ; *Clements* v. *Iturria*, 81 id. 285 ; *Leroy* v. *Oser*, 5 Duer, 501 ; *Bush* v. *Lyon*, 9 Cow. 52 ; *Lucky* v. *Gannon*, 6 Abb. [N. S.] 212 ; *Roberts* v. *Traders' Ins. Co.*, 17 Wend. 631 ; *Creed* v. *Hartman*, 29 N. Y. 591.)

VANN, J. When Flemming gave a bill of sale to the defendants covering the property in question, he had never been in the possession thereof and he had no title thereto that he could transfer to another. Where one takes title simply to secure himself against loss as surety upon a bond, he has no interest that he can sell until after a breach in the condition of the bond. His title is both personal and contingent, and by an assignment before the contingency named has happened, he parts with his security without transferring any right to his assignee.

Under the circumstances of this case, Flemming's transfer was simply a formal waiver of his security and left the plaintiffs at liberty to dispose of the property as they saw fit.

The rights of Mr. Dazian, therefore, depend upon the verbal arrangement between himself and the plaintiffs. That agree-

ment, as the jury is presumed to have found upon a conflict of evidence, was that the costumes were to be placed in the possession of Dazian, who was to sell them on commission, but no sale was to be made until the price was submitted to and approved by the plaintiffs. The sale was to be made for the benefit of the plaintiffs, but the proceeds were to be applied upon certain debts which they were owing to the defendants and others. It was also a part of the arrangement that the goods were to be assigned to the defendants in order to avoid trouble from creditors, but this was not done otherwise than as has been stated.

As Mr. Dazian sold without the knowledge or approval of the plaintiffs, the question arises, whether an agent, intrusted with property to sell at a price to be approved by his principal, is liable for conversion if he sells without such approval.

In *Syeds* v. *Hay* (4 T. R. 260), where the owner of goods on a vessel, moored at a certain wharf, directed the captain not to land them on that wharf, but he did so supposing that the wharfinger had a lien upon them for wharfage, it was held that the captain was liable in trover, upon the principle that it is a conversion for one who is intrusted with the goods of another, to put them into the hands of a third person contrary to orders.

In *Sarjeant* v. *Blunt* (16 J. R. 73), it was held that an agent who sold for $300 a chronometer deposited with him for sale at not less than $500, was guilty of breach of trust, but not of conversion.

These leading authorities, and the apparent conflict in principle that they represent, were, with many other cases, reviewed by this court in *Laverty* v. *Snethen* (68 N. Y. 522). The facts in that case were that an agent, with authority to negotiate a note, but not to let it go out of his reach without receiving the money, intrusted it to a third person, who promised to get it discounted and return the money, but who after procuring the discount kept the avails. It was held that the act of the agent in permitting the note to go out of his possession was an unlawful interference therewith and consti-

tuted a conversion. The difference between that class of cases where certain acts were held to constitute a conversion and that class where certain other acts were held to constitute simply a breach of duty was noticed and the distinction pointed out that in the latter the agent did nothing but what he was authorized to do.

The court, through CHURCH, Ch. J., said: "He had a right to sell and deliver the property. He disobeyed instructions as to price only and was liable for misconduct, but not for conversion of the property, a distinction which, in a practical sense, may seem technical, but it is founded probably upon the distinction between an unauthorized interference with the property itself and the avails or terms of sale. At all events the distinction is fully recognized and settled by authority. * * * The result of the authorities is that if an agent parts with the property, in a way or for a purpose not authorized, he is liable for a conversion; but if he parts with it in accordance with his authority, although at a less price, or if he misapplies the avails or takes inadequate for sufficient security he is not liable for a conversion of the property, but only in an action on the case for misconduct."

We think this case is decisive of the point under consideration. Mr. Dazian did not simply depart from his instructions as to the manner of making the sale, but he had no right to sell at all until his principals had consented. His power to sell depended upon their consent, which he never received. His authority was limited to negotiating a sale, subject to their approval as to price, and until that approval was obtained he had no right to complete the sale or deliver the property. An unauthorized sale of personal property, with delivery of possession, is a conversion.

The appellant contends that as it was part of the agreement that he was to divide the proceeds of the sale among certain specified creditors, either a trust was created for their benefit or the arrangement was a direction as to distribution, which could not be revoked without the consent of said creditors.

No trust was created as to the goods themselves, because

the title did not pass to the defendants. Although it was arranged that the plaintiffs should assign the costumes to them, it was incidental to the principal object of the agreement and was designed to facilitate performance by preventing annoyance from creditors. It was not, in fact, done, for Flemming's transfer, as has been held, was no more than a waiver of his right to hold the goods to secure himself against loss as surety.

The plaintiffs did not execute any written instrument in reference to the property, nor did they, by verbal agreement, assign any interest therein to the defendants.

No sale was made to them in trust or otherwise, but only a limited authority given to one of them to make a sale, subject to the approval of the plaintiffs as to price. While the creditors may have been interested in the performance of the contract, they had no beneficial interest in the contract itself, because they were not parties to it and the sale was to be made, not for their benefit, but for the benefit of the plaintiffs. (*Simson* v. *Brown*, 68 N. Y. 355; *Vrooman* v. *Turner*, 69 id. 280.)

There is no evidence of any acceptance or adoption of the arrangement by the creditors, and hence they had no legal interest in the promise of Dazian as to distribution. (*Wheat* v. *Rice*, 97 N. Y. 296.)

The direction as to distribution was not, therefore, irrevocable, but at any time before the creditors had changed their position it could be revoked by the plaintiffs. (*Kelly* v. *Roberts*, 40 N. Y. 432.)

The demand made before the commencement of the action was sufficient notice of the intention of the plaintiffs to revoke that part of the arrangement that related to the distribution among creditors. Moreover, as Dazian was not authorized to sell without the plaintiffs' consent, the creditors, simply as contract creditors, at least, could not have compelled a sale. This shows that it was not the intention of the plaintiffs to give a cause of action to the creditors, but to keep control of the matter themselves. As the sale was made without authority,

it was not made under the contract, but in violation of it. Even if the creditors would have been interested in the proceeds of a sale, when regularly made with the approval of the plaintiffs, what interest could they have in a sale made in violation of the terms of the arrangement? Not having an interest· in the property, nor any power to compel a sale thereof, they could not maintain an action for its conversion, and what the defendant Dazian should have done with the proceeds if he had sold in a lawful manner, it is not now important to consider.

If the appellant's theory were correct, that the creditors are necessary parties to the action, he should have specially alleged it in his answer.   If he desired to raise the question that the agreement was designed to give a cause of action to the creditors and not to the plaintiffs, he should have asked that the jury be instructed to pass upon it.

We find no error that worked prejudice to the defendant, and the judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.