### McCulloh *v.* Aeby & Co. *et al.*

*(Supreme Court, General Term, First Department. March 28, 1890.)*

**1. Attachment—Defective Affidavit.**

An attachment issued at the instance of the receiver of a corporation will be vacated, where the affidavit therefor consists chiefly of general statements made by the receiver himself upon what appears to be the effect of the books and papers of his company, without any disclosure of facts, and fails to set out sufficient of the agreement upon which the action is brought to enable the court to ascertain whether defendant is in any default.

**2. Same.**

The defect in making the principal averments upon information and belief is not cured by a statement that plaintiff's knowledge and belief has been derived from books, papers, agreements, and accounts of the parties to the action in his possession, and from knowledge of the affairs of his company, and its relations with defendants, acquired while in its employ as book-keeper for 14 months before his appointment as receiver.

Appeal from special term, New York county.

Action by Charles S. McCulloh, as receiver of the Non-Magnetic Watch Company of America, against Alfred Aeby, Leo Aeby, and Aeby & Co. Aeby & Co. appeal from part of an order refusing to vacate, as against them, a warrant of attachment obtained by plaintiff.

Argued before Van Brunt, P. J., and Brady and Daniels, JJ.

*Roderick Robertson* and *Arthur R. Robertson,* for appellants. *Joseph Fettretch,* for respondent.

Daniels, J. Two individuals were sued with this defendant in this action, and as to them the attachment was discharged on account of the failure of the affidavit to set forth a cause of action against them, but the same relief was denied to the company. The affidavit, so far as it was directed to the disclosure of a cause of action, chiefly consists of general statements made by the receiver himself, on information and belief. He does not appear to have had personal knowledge of any of the occurrences mentioned by him, but his statements have been made upon what appeared to him to be the effect of the books and papers of the company, without inserting in the affidavit items or statements which of themselves would appear to maintain his inferences or conclusions. The affidavit certainly was not drawn with that degree of care that the importance of the case required should have been observed; for the evidences, if they in fact existed, upon which the receiver made his statements, should have been inserted in the affidavit, so far at least as to show the terms of the agreement upon which the action has been brought. But that has not been done; and instead of doing it it has been stated that the company, for whose effects the plaintiff has been appointed receiver, agreed to advance money to the defendants, or to the Aeby Company, amounting to the sum of $100,000, for which that company would manufacture and deliver to the company represented by the plaintiff watches and watch movements, specified and designated in the agreement, and at the times therein mentioned, without any statement being made what those terms were agreed to be, if the agreement contained any stipulation on that subject. It is further added that the company represented by the plaintiff did advance or loan money to the defendants on account of watches and watch movements, delivered and to be delivered to the company, for which the plaintiff was appointed receiver, and that an additional sum of $24,650.63 was also paid on account of watches and watch movements delivered and to be delivered by the Aeby Company. What may have been agreed to be done by the Aeby Company, in the way of

performing the terms of the agreement, or when that performance should have been rendered, has not been disclosed in this affidavit, and, if the plaintiff has been correct in the other statements relating to the agreement, he has still failed to show by his affidavit that the Aeby Company was in default in its performance. The affidavit does state that this company made and delivered, prior to the time of the plaintiff's appointment as receiver, watches and watch movements, amounting in price to the sum of $51,810.18, and that the defendants did not perform their agreement in many particulars, and, among others, did not furnish the different grades of watches as required by the agreement, and did not furnish them within the time specified; and that is all that the affidavit contains by way of establishing the default in the performance of the agreement on the part of the defendants, and it consists only in inferences drawn by the plaintiff from what the affidavit fails to disclose as facts sustaining such inferences. For this object, the least that should have been done was to have set forth the language of the agreement, or its substance, as to the times or periods within which the defendants had become obligated to perform the residue of their contract, and from that the grounds would have been presented by which it could have been seen whether these inferences or conclusions of the plaintiff rested upon any substantial support. Without a disclosure or statement of so much of the agreement as comprehended the defendants' obligations in the way of manufacturing and delivering the watches and watch movements to be furnished by them, it is impossible to see from the affidavit that they had become involved in any default whatever in the performance of the obligations of their contract.

The further statements, concerning the cause of action contained in the affidavit, are still more inferential; for they are restricted to general declarations of the amount remaining due from the defendants to the company represented by the plaintiff, no part of which has been paid. What should have been done was to have presented a statement of the facts, from which it could be seen by the perusal of the affidavit that a cause of action did exist in favor of the plaintiff as receiver of the company for which he had been appointed. *Pride* v. *Railroad Co.*, 4 N. Y. Supp. 15; *Smith* v. *Davis*, 29 Hun, 306; *Straw Board Co.* v. *Inman*, 5 N. Y. Supp. 888.

What the affidavit should have been made to contain was a statement of so much of the agreement as would disclose the obligation created by it, on the part of this as well as the other defendants, and from that, if the facts would warrant the conclusion, it could then be seen that a breach of the agreement or a default had taken place, and the extent of the relief the plaintiff had become entitled to by reason of their default. There was an entire failure to comply with this requirement, and the affidavit was left in such a condition that it cannot be seen that the plaintiff at the time when the action was commenced was entitled to recover anything whatever against either of the defendants. Besides that, its material averments were made upon information and belief, which is not a proper foundation for an attachment, or any other order affecting the rights or property of the defendant. *Bank* v. *Alberger*, 78 N. Y. 252. And this defect has not been supplied by the statement made in the affidavit that the plaintiff's knowledge and belief had been derived from books, papers, agreements, and accounts of the parties to the action, in his possession, and from knowledge of the affairs of the company of which he is receiver, and its relations to and with the defendants, acquired while he was in its employ as book-keeper for 14 months before his appointment as receiver. Whether what came under his observation in this manner supported the statements made by him no otherwise appears than by his own conclusions from these books and papers, and his knowledge of the affairs of the company while he was book-keeper. The affidavit throughout has been made upon inferences, without any disclosure of the facts, if they existed, tending to support the inferences. It was so deficient in this respect as to present no

cause of action against this company, and the order should be reversed, with the usual costs and disbursements, and the attachment vacated.

VAN BRUNT, P. J.　The office of an affidavit is to present to the court the evidence from which conclusions of fact may be drawn, and in this respect differs from a complaint, whose office it is to set forth conclusions of fact from which a legal conclusion is to be drawn.

BRADY, J., concurs.