### CATTARAUGUS CUTLERY CO. *v.* CASE.

*(Supreme Court, General Term, Fifth Department. April 11, 1890.)*

ATTACHMENT—AFFIDAVIT—CONCLUSIONS.

Allegations in an affidavit for attachment that plaintiff is entitled to recover a stated sum "as damages for breach of contract;" that plaintiff has advanced money to defendant for two or three years past, during which time defendant, as plaintiff's employe, has been overpaid his commissions on sales to an amount stated; and that defendant now owes plaintiff for the money so paid and advanced,—are merely legal conclusions that a cause of action exists in plaintiff's favor, and insufficient.

Appeal from special term, Erie county.

Action by the Cattaraugus Cutlery Company against Andy J. Case. Plaintiff procured an attachment, and defendant moved to set it aside on the papers on which it was granted. From an order denying the motion, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*Inman & Cole*, for appellants. *Ansley & Davie*, for respondent.

DWIGHT, P. J. The weakness of the affidavit upon which this attachment was granted is in the statement of the plaintiff's cause of action. · The affiant states that the plaintiff is entitled to recover a sum named "as damages for breach of contract," but does not state what the contract was, nor in what its breach consisted. He states "that for and during the last two or three years the said plaintiff has advanced and paid to the defendant money, and has had an account with him as an employe; that during that time the aforesaid sum has been paid to him over and above the commissions on sales, and said defendant now owes and is indebted to the plaintiff on said advances and money paid to said amount." This does not seem to add anything to the first general statement of a contract and its breach. On what account or upon what agreement the moneys were advanced and paid to the defendant is not stated, nor why the employe should be indebted to the employer for money advanced and paid to him is not disclosed. Some features of the affidavit, especially the unexplained reference to "commissions on sales," suggest the idea that the affidavit was intended to supplement a sworn complaint which alleged facts constituting a cause of action, and that the latter was for some reason omitted from the papers. Clearly the affidavit alone furnished no evidence of a cause of action, but only an allegation or statement of the legal conclusion that a cause of action exists. Such an affidavit is insufficient to authorize the issuing of an attachment. *Moore* v. *Becker*, 13 N. Y. St. Rep. 567; *Labalt* v. *Schulhof*, 4 N. Y. Supp. 819. The order appealed from must be reversed, and the motion granted, with $10 costs and the disbursements of this appeal.