refer me to section 1207 of the Code, and several authorities, as warranting such a disposition of the case as against him. A judgment against this defendant cannot be had in this action, as no cause of action, alleged in the complaint, has been proved, nor has the complaint been amended so as to conform to the proof. I might also add that if the existence of a cause of action against Patrick McCann has been disclosed by the evidence, it is, if one he has, a right to have passed upon by a jury. There should be judgment for the defendants, dismissing the complaint, with costs to the defendants McCann, and costs, after notice of trial and before trial, to the bank." Code Civil Proc. N. Y. § 1207, provides: "Where there is an answer, the court may permit the plaintiff to take any judgment consistent with the case made by the complaint, and embraced within the issue."

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Gildersleeve, Palmer & Boothby,* (*John W. Boothby,* of counsel,) for appellants. *Samuel Greenbaum,* for respondents McCann.

PER CURIAM. The judgment should be affirmed, with costs, upon the opinion of the trial judge at special term. As to the claim made upon this appeal, that the plaintiffs should have had at least a personal judgment against Patrick McCann, for the reason that the latter waived a trial by jury, it should be said that the case contains no evidence of any such waiver.

---

MARINETTE IRON-WORKS CO. *v.* REDDAWAY.

(*Superior Court of New York City, General Term.* January 5, 1891.)

ATTACHMENT—INSUFFICIENT AFFIDAVIT.

An affidavit for an attachment, under Code Civil Proc. N. Y. § 636, alleged that plaintiff gave defendant a "stock order" for certain belting, and kept a certain amount on hand "during plaintiff's agency for the sale of defendant's goods," in consideration whereof defendant, on the termination of the agency, agreed to take back all the stock then on hand, and pay plaintiff the cost thereof; that the agency was duly terminated; that plaintiff had then on hand stock received by him from defendant at a cost of $2,812, which sum defendant had refused to pay plaintiff after demand made therefor; that said amount was due over and above all counter-claims; and that defendant was a non-resident. *Held,* that the affidavit was too uncertain to sustain the attachment.

Appeal from special term.

Action by the Marinette Iron-Works Company against Frank Reddaway. An attachment was issued against the property of plaintiff upon the following affidavit:

"Austin Cruver, being duly sworn, says: I am the president of the Marinette Iron-Works Company of Chicago. On the 6th of September, 1888, the plaintiff, said company, a corporation duly organized under the laws of the state of Wisconsin, entered into a contract in writing with the defendants, doing business under the name of 'F. Reddaway & Company,' whereby, among other things, it was agreed that the plaintiff should give defendant a stock order for the Reddaway belting, of not less than five thousand dollars, and to keep at least a stock of three thousand dollars' worth on hand during plaintiff's agency for the sale of defendant's goods, which order plaintiff gave, and which stock plaintiff kept on hand. In consideration thereof, among other things, defendant agreed, on the termination of such agency, to take back all the stock of belting except lengths under one hundred feet, and all the hose in good condition, and pay the plaintiff the cost thereof. Said agency was duly terminated on the seventh day February, 1890, and plaintiff had then on hand, and now has, of the stock of belting, in lengths not under one hundred feet, and hose in good condition, received from defendant under said contract, at a cost to plaintiff, advanced and paid to defendant by it, the sum of two thousand eight hundred and twelve 10-100 dollars, which sum

plaintiff has duly demanded of defendants, with the tender of said stock on hand.   Defendant has wholly neglected and refused to pay such sum, or any part thereof.   That the said sum of two thousand eight hundred and twelve 10-100 dollars, with interest from the termination of said agency, is due over and above all counter-claims known to plaintiff or deponent.   My knowledge of the facts is derived from the original contract, accounts with defendant, and stock on hand.   The defendant is a non-resident of the state of New York.   He resides in England.                              AUSTIN CRUVER."

The attachment was vacated, on the following opinion of Judge DUGRO: "The affidavit, in order to sustain the attachment, requires unnecessary inferences.   The plaintiff should show, by proof, the matters set forth in section 636.   He has left too much to be guessed.   The attachment is vacated."

From the order vacating the attachment the plaintiff appeals.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Lewis Sanders*, for appellant.   *Strong & Cadwalader*, for respondent.

PER CURIAM.   The order should be affirmed, with $10 costs and disbursements.

---

## DONNELLY v. MORRIS.

(*Superior Court of New York City, General Term.*   January 5, 1891.)

INJUNCTION—WHEN LIES—ACTION ON NOTE—EQUITIES.

> The payment of a note given by one partner to another out of partnership assets, pursuant to an agreement between the parties, or the failure of the payee to apply such assets to its payment, do not create such equities in favor of the maker as to entitle him to an injunction against an action on the note in another state pending a suit for an accounting.

Appeal from special term.

Action by Hugh Donnelly against George B. Morris.   Plaintiff and defendant were copartners in business in New York city since 1877, and this action is for an accounting.   During the partnership plaintiff gave to defendant a non-negotiable promissory note for about $1,300, secured by a policy of insurance on the life of plaintiff.   The defendant received the moneys of the partnership, and was to apply the plaintiff's share to the payment of the note. Plaintiff claims that the note was fully paid in defendant's hands by moneys so received.   In August, 1890, long after such alleged payment, while the plaintiff was temporarily in Massachusetts, an action was begun by defendant against the plaintiff to recover upon the note.   Both parties reside in New York, and have so resided all the time.   Plaintiff applied for an order restraining defendant from proceeding in the Massachusetts action during the pendency of this action for an accounting.   From the order refusing an injunction this appeal is taken.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Laroy S. Gove*, for appellant.   *George S. Bliss*, for respondent.

PER CURIAM.   The plaintiff did not establish any equity upon the motion. The supposed equity was founded upon the application by defendant to the payment of the note of partnership assets, or the defendant's breach of his agreement to apply those assets to the payment of the note.   Either contingency does not create an equity.   All of it is that it is inconvenient to ascertain the facts, and to go to Massachusetts to defend the action there.   This is not ground of equitable interference.   Order affirmed, with $10 costs.