GERHARD WESSELS and Another, Respondents, *v.* GUSTAVUS A. BOETTCHER, Appellant.

*Attachment — insufficiency of the affidavit.*

To obtain an attachment, the plaintiff must set out in the affidavit therefor a good cause of action, unless a complaint accompanying the summons, in which a good cause of action is set forth, is made a part of the affidavit.

An affidavit for an attachment, which only alleges an indebtedness upon an account current, and which, while stating that the items of such account current consist of merchandise and money advanced, does not state how much merchandise, what its value was or how such value was arrived at, or upon what basis the plaintiff claims a recovery, fails to state facts sufficient to constitute a cause of action, and, therefore, is not sufficient to sustain an attachment.

APPEAL by the defendant, Gustavus A. Boettcher, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 27th day of March, 1893, denying the defendant's motion to vacate an attachment.

The attachment was granted upon the following affidavit:

"Charles T. Wessels, being duly sworn, doth depose and say that he is one of the plaintiffs named in the above-entitled action. That the plaintiffs at the several times hereinafter mentioned were copartners; that the above-named defendant is indebted to the above-named plaintiffs in the sum of $4,438.09 over and above all counterclaims known to plaintiffs upon the cause of action for breach of express contract other than a contract to marry, and that the

grounds for the plaintiffs' claim are as follows, to wit: that plaintiffs are merchants doing business in the city of New York. That the defendant is a merchant residing in Spanishtown, Jamaica; that plaintiffs have from time to time for many years last past shipped merchandise to the defendant and advanced money to him, and there is an account current between them; that on September 15, 1892, there became and was due the plaintiffs from the defendant upon said account current the sum of $4,438.09 over and above all offsets and counterclaims known to the plaintiffs; that no part of said sum has been paid, and the amount thereof, with interest from September 15, 1892, is wholly due and unpaid from defendant to plaintiffs, and plaintiffs have a cause of action against the defendant therefor for breach of contract; that plaintiffs are about to commence an action to recover the same; that the summons is made out and a copy thereof is hereunto annexed.

"And this deponent further says that the defendant is not a resident of the State of New York, but is a non-resident thereof, and resides in Spanishtown, Jamaica, British West Indies."

*Geo. W. McKenzie,* for the appellant.

*Joseph A. Shoudy,* for the respondents.

Per Curiam :

It is necessary    an affidavit to obtain an attachment that the plaintiff should set out in such affidavit a good cause of action, unless a complaint accompanying the summons is made a part thereof in which complaint a good cause of action is set forth.

In the case at bar the cause of action attempted to be set out clearly does not state facts sufficient to constitute a cause of action. There is no allegation except that of an account current. It is true that the items of such account current are stated to consist of merchandise and money advanced, but how much merchandise, what its value was, or how such value was arrived at, or upon what basis the plaintiffs claim a recovery, are not even hinted at. Under such circumstances, no recovery can be had upon a cause of action set forth in this manner. Therefore, there being before the court no proof of the existence of a cause of action, no attachment should have been issued.

The order appealed from should be reversed, with ten dollars costs anu. uisbursements, and the attachment vacated, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., FOLLETT and BARRETT, JJ.

Order reversed with ten dollars costs and disbursements, and attachment vacated, with ten dollars costs and disbursements.