WILLIAM H. CARRIER, Respondent, *v.* THE UNITED PAPER COMPANY, Appellant.

*Covenant to assume a mortgage — when an action cannot be maintained thereon — attachment.*

An action brought to hold the owner of certain premises liable under a provision contained in the deed thereof to him, that he purchased the same subject to two certain mortgages, and his agreement therein contained to assume and pay the same as a part of the consideration and purchase price of said premises, cannot be maintained unless it is alleged and proved that the grantors of such owner were in some way liable to pay to the plaintiff therein or to his assignors, the debt secured by the mortgages, or at least that they had a legal interest in having the covenants in such deed performed.

To secure a warrant of attachment in such an action it is necessary to show by affidavit that the grantors of such owner were so liable to the plaintiff, or had such legal interest in having the covenants in such deed performed.

APPEAL by the defendant, the United Paper Company, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Oswego June 15, 1893, denying a motion to vacate an attachment, and also by Frederick K. Day, as receiver of the defendant, the United Paper Company, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Oswego on the 14th day of August, 1893, denying a motion made by such receiver to vacate an attachment.

*I. N. Ames,* for the appellant.

*W. G. Tracy,* for the respondent.

MARTIN, J. :

The question in this case arises upon two appeals; one from an order denying the defendant's motion to vacate an attachment granted herein, and the other from a similar order upon a motion made for the same purpose by the receiver of the defendant. The ground of both motions was that the affidavit and papers upon which the attachment was granted failed to show that a cause of action existed against the defendant.

The statements contained in the affidavit upon which the attachment was issued, at least so far as they bear upon the question

involved on this appeal,. were substantially that a cause of action existed in favor of the plaintiff against the defendant to recover the sum of $3,231 as damages for breach of contract arising from the following facts : That on and prior to October 1, 1892, Herbert D. Wood and George D. Davis were the owners in fee and in possession of certain premises described ; that by deed from said Wood and Davis, in which their wives joined, the defendant, "for a valuable consideration, became the purchaser of said premises, and, among other things, assumed and agreed to pay to one Charles W. Avery, this plaintiff's assignor, a certain mortgage upon said premises," given to secure the payment of the sum of $3,000, with interest from December 13, 1891, which was then due and owing to said Avery thereon ; that the deed contained the following provision : "Said premises are conveyed subject to two certain mortgages, one executed to Charles W. Avery, December 13th, 1886, for $3,000, upon which there is due the sum of $3,000, with interest from December 13th, 1891, and one for $6,500, executed to Charles W. Avery, May 12th, 1892, upon which there is unpaid said sum, with interest, which said mortgages the said party of the second part assumes and agrees to pay as a part consideration and purchase price of the above-described premises ; " that the defendant duly accepted said deed, caused it to be recorded, took possession of the mortgaged premises, and has ever since been and now is in possession of the same ; that before the commencement of this action said mortgages, with all the rights of action under said deed and covenant on the part of the defendant, were assigned by said Avery to the plaintiff, who is now the owner and holder thereof, and that by reason of the premises, the defendant was justly indebted to the plaintiff in the sum of $3,231, with interest from May 25, 1893, which sum is now due and wholly unpaid ; that deponent was justly entitled to recover said sum from said defendant, over and above all counterclaims, discounts and set-offs known to the plaintiff ; that the above-entitled action was brought for said cause and the summons therein had been issued ; that the defendant was a foreign corporation, and that the cause of action arose in this State.

The same facts were stated in the complaint and are substantially all the facts that were stated as a ground for the issuing of the attachment, or as constituting a cause of action against the defendant.

The claim of the appellant is that the covenant to pay the $3,000 mortgage was not made with Avery, nor for his benefit, but for the benefit of Wood and Davis, and that the plaintiff cannot recover without showing that, at the time of such conveyance, Wood and Davis were personally liable to pay the mortgage debt. The success of this appeal depends upon the correctness of that claim.

In *King* v. *Whitely* (10 Paige, 465), where the grantee of mortgaged premises, who was neither legally nor equitably interested in the payment of the bond and mortgage, except so far as the same was a charge upon his interest in the premises, conveyed the mortgaged premises subject to the mortgage, and the conveyance recited that the grantees therein assumed the payment of the mortgage, and were to pay off the same as a part of the consideration of the conveyance, it was held that as the grantor was not personally liable to the holder of the mortgage to pay the same, the grantees were not liable to the holder of such mortgage for the deficiency. The same doctrine was held in *Trotter* v. *Hughes* (12 N. Y. 74) and in *Garnsey* v. *Rogers* (47 id. 233), where the case of *King* v. *Whitely* was cited with approval.

The question again arose and was decided in *Vrooman* v. *Turner* (69 N. Y. 280). It was there again held that a grantee of mortgaged premises, whose conveyance recited that the land was conveyed subject to a mortgage, and that the grantee assumed and agreed to pay the same as part of the consideration, was not liable for a deficiency arising upon a foreclosure and sale, in case the grantor was not personally liable, legally or equitably, for the payment of the mortgage. In delivering the opinion in that case, Judge ALLEN said: "The rule which exempts the grantee of mortgaged premises subject to a mortgage, the payment of which is assumed in consideration of the conveyance as between him and his grantor, from liability to the holder of the mortgage when the grantee is not bound in law or equity for the payment of the mortgage, is founded in reason and principle, and is not inconsistent with that class of cases in which it has been held that a promise to one for the benefit of a third party may avail to give an action directly to the latter against the promisor, of which *Lawrence* v. *Fox* (20 N. Y. 268) is a prominent example. To give a third party, who may derive a benefit from the

performance of the promise, an action, there must be, first, an intent by the promisee to secure some benefit to the third party, and second, some privity between the two, the promisee and the party to be benefited, and some obligation or duty owing from the former to the latter which would give him a legal or equitable claim to the benefit of the promise, or an equivalent from him personally."

In *Cashman* v. *Henry* (75 N. Y. 103) the doctrine of the preceding cases was recognized and followed, and, also, in *Thayer* v. *Marsh* (Id. 340); *Pardee* v. *Treat* (82 id. 387, 388); *Dunning* v. *Leavitt* (85 id. 35); *Carter* v. *Holahan* (92 id. 504); *Matter of Wilbur* v. *Warren* (104 id. 192, 197); *Litchfield* v. *Flint* (Id. 550); *Beveridge* v. *N. Y. E. R. Co* (112 id. 26); *Comley* v. *Dazian* (114 id. 161); *Frank* v. *N. Y., L. E. & W. R. R. Co.* (122 id. 221); *Lorillard* v. *Clyde* (Id. 504); *Wager* v. *Link* (134 id. 125).

In *Durnherr* v. *Rau* (135 N. Y. 219, 222), which is the latest case we find in the Court of Appeals on this subject, Judge ANDREWS said : " There is lacking in this case the essential relation of debtor and creditor between the grantor and a third person seeking to enforce such a covenant, or such a relation as makes the performance of the covenant at the instance of such third person a satisfaction of some legal or equitable duty owing by the grantor to such person, which must exist according to the cases in order to entitle a stranger to the covenant to enforce it. It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, or at least such benefit must be the direct result of performance, and so within the contemplation of the parties, and in addition the grantor must have a legal interest that the covenant be performed in favor of the party claiming performance."

A somewhat extended and careful examination of the cases bearing upon this question has disclosed that the courts have with unusual uniformity held that to render such a covenant available to a third person, the grantor must have a legal interest in having the covenant performed in favor of such third person. And thus I am lead irresistibly to the conclusion that neither the plaintiff nor his assignor could maintain an action on the covenant contained in the deed to the defendant, without alleging and proving that the grantors were in some way liable to pay to the plaintiff or his assignor the debt secured by the mortgage mentioned, or at least that they had a legal

interest in having the covenant in such deed performed. As no such facts are stated, either in the verified complaint or affidavit upon which this attachment was granted, it seems to me clear that the plaintiff failed to show by affidavit that a cause of action existed against the defendant.

To entitle a plaintiff to a warrant of attachment he must by affidavit show sufficient facts to establish a cause of action against the defendant. (*Jacobs* v. *Hogan,* 85 N. Y. 243, 244; *Manton* v. *Poole,* 67 Barb. 330; *Walts* v. *Nichols,* 32 Hun, 276; *Belden* v. *Wilcox,* 47 id. 331; *Pomeroy* v. *Ricketts,* 27 id. 242; *Marinette Iron Works* v. *Reddaway,* 13 N. Y. Supp. 426; *Westervelt* v. *Agrumaria Sicula Societa Anonima Di Transporti Marittimi,* 58 Hun, 147; *McCulloh* v. *Aeby & Co.,* 31 N. Y. St. Repr. 125; *Pride* v. *Indianapolis, D. & W. Ry. Co.,* 21 id. 261; *Reilly* v. *Sisson,* 31 Hun, 572; *Cattaraugus Cutlery Co.* v. *Case,* 30 N. Y. St. Repr. 961; *Moore* v. *Becker,* 13 id. 567; *Labalt* v. *Schulhof,* 22 id. 532; *Smadbeck* v. *Sisson,* 31 Hun, 582; *Wessels* v. *Boettcher,* 69 id. 306.)

We think the affidavits and papers upon which the attachment in this case was granted were insufficient, and that the Special Term erred in denying the motions to vacate it.

The orders of Special Term must be reversed, with ten dollars costs and disbursements, and motions to vacate attachment granted, with ten dollars costs to defendant.

HARDIN, P. J., and MERWIN, J., concurred.

Orders of Special Term reversed, with ten dollars costs and disbursements, and motion to vacate attachment granted, with ten dollars costs to defendant.