Thomas P. Farley, J.
This is a motion for summary judgment in an action in which plaintiff attorney seeks to recover for legal services rendered to one Kathleen Moran Severino in an annulment action. Two causes of action are alleged. 'The first cause of action is against Frank Severino, alone, and seeks recovery under a stipulation entered into in open court between the parties in the matrimonial action. The second cause of action, against both defendants, seeks compensation for necessaries furnished to the wife in that action. Defendant Kathleen B. Moran has not been served. Plaintiff’s motion is directed to *210 the first cause of action. Defendant Severino cross-moves to dismiss this cause of action.
The matrimonial action involved cross claims for annulment as well as causes of action for damages and return of certain real and personal property. After trial of the annulment issue, which resulted in a decision granting plaintiff an annulment and denying defendant husband’s counterclaims for similar relief, the court proceeded to try the property issues. Before a judicial determination had been made thereof, the parties entered into the stipulation in open court whereby the property issues were settled and the husband, Frank Severino, agreed to pay plaintiff $2,000 as his fee for services rendered. At the same time, plaintiff attorney withdrew a pending motion to fix his fee at $5,000 for services rendered. Subsequently, however, plaintiff’s client and her former husband agreed in writing to vacate the stipulation and continue with all litigation except that involving the annulment. Over the objection of plaintiff, this was “ so ordered ” by the same Justice before whom the first stipulation had been entered into.
Claiming that the parties had no right to alter the stipulation insofar as his fee was concerned and that the court had no power, authority or jurisdiction to act as it did in ” so ordering ” the vacatur of the stipulation without his consent, plaintiff has brought this action wherein he seeks to recover as a third-party beneficiary from the defendant Severino the sum of $2,000 as agreed.
A stipulation made in open court is the equivalent of a contract (Goldbard v. Empire State Mut. Life Ins. Co., 5 A D 2d 230) whose provisions are binding and enforcible (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435) and the rights created thereunder may be enforced by a plenary action (American Progressive Health Ins. Co. v. Chartier, 6 A D 2d 579). Unlike most contracts, however, the court is a party thereto and the court is bound to enforce its provisions (Frost v. Stone, 144 N. Y. S. 2d 481). Similarly, in certain instances where the parties to such a contract desire to relieve themselves of the terms of the contract, the court can approve such a vacatur. The court’s power to set aside a stipulation where all parties do not agree thereto, however, is limited to those cases where the stipulation was induced by fraud, or achieved by overreaching conduct, or based on mutual misunderstanding or brought about by some other means contrary to public policy (Yonkers Fur Dressing Co. v. Royal Ins. Co., supra). The issue presented in this case is: where the parties to a contract, including the court, agree to the vacatur of a *211 stipulation, are the rights which had been created under the original stipulation for the benefit of a third party terminated thereby or are they preserved and thus enforcible?
Parties to a contract entered into for the benefit of a third person may rescind the contract as they see fit, without the assent of the third person at any time before the contract is accepted, adopted or acted upon by him and such rescission deprives the third person of any rights under or because of such contract (Moore v. Ryder, 65 N. Y. 438). However, after the third person accepts, adopts or acts upon the contract entered into for his benefit, the parties thereto cannot rescind the same without his consent, so as to deprive him of its benefits (Comley v. Dazian, 114 N. Y. 161).
Here the plaintiff clearly adopted and accepted the contract, having been present at the time of the stipulation and having been one of the composers of its provisions. He also acted in reliance thereon when he withdrew his pending motion to fix his fee for services in that action. The court could properly vacate certain provisions of the original stipulation which affected the rights of those who were in accord therewith. Under the circumstances of this ease, however, it lacked power to vacate the .stipulation insofar as it affected the rights of a nonconsenting third-party beneficiary such as the plaintiff herein. Thus, plaintiff is entitled to maintain this plenary action to enforce the provisions of the stipulation and the first cause of action alleged in the complaint is sufficient as a matter of law. In addition, the papers do not raise any triable issue of fact as to whether plaintiff has performed all of the conditions of the agreement on his part, which he pleads has been done. Accordingly, summary judgment is granted in favor of the plaintiff in the sum of $2,000 with interest from April 1,1963. Defendant’s cross motion is denied.