JACOB LORILLARD, Appellant, *v.* WILLIAM P. CLYDE et al., Respondents.

Plaintiff and the firm of C. & Co., of which firm defendants are the surviving members, entered into a contract for the consolidation of their respective interests in the business of transportation of freight by steamboat into a corporation, which it was agreed should be organized; said corporation to be managed by C. & Co.; they guaranteeing to plaintiff certain annual dividends. It was agreed that the corporation should assume a lease of a wharf then held by a steamboat company, not a party to or named in the agreement. The corporation was organized, and, until its dissolution, was managed by C. & Co. In an action upon the agreement the complaint alleged that the provision in respect to the lease was made for the benefit of the steamboat company, the lessee; that said company delivered possession of the wharf to C. & Co., the managing agents of the new corporation, and they used it for a time, but refused to have said corporation assume the lease or to pay the rent thereafter falling due; that the lessee was compelled to pay the rent, and had assigned its claim to plaintiff, who sought to recover the amount so paid. *Held,* that the action was not maintainable; that the lessor had no cause of action against C. & Co., nor had the lessee, and so, it transferred none by its assignment.

*Lawrence* v. *Fox* (20 N. Y. 268), distinguished.

Reported below, 24 J. & S. 14.

(Argued October 21, 1890; decided December 2, 1890.)

APPEAL by plaintiff from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 7, 1888, which affirmed a judgment in favor of defendants entered upon the report of a referee.

This was an action upon a contract; the substance of which, as well as the material facts, are stated in the opinion.

*Richard L. Sweezy* for appellant.    The contract was intended to inure by both parties, to the benefit of the Lorillard Steamship Co., and the latter had, and the plaintiff as its assignee has, a legal status thereunder. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Curtis* v. *Tyler*, 9 Paige, 432; *Halsey* v. *Reed*, Id. 446; *Martin* v. *Funk*, 75 N. Y. 134; *Willis* v. *Smith*, 91 id. 298; *Mabie* v. *Bailey*, 95 id. 206.)    The right of the Lorillard Steamship Co. to sue upon the contract may also be maintained upon general principles of agency. (*Hubbell* v. *Medbury*, 53 N. Y. 98; *Considerant* v. *Brisbane*, 22 id. 389; *Morgan* v. *Reid*, 7 Abb. Pr. 215; *Erickson* v. *Compton*, 6 How. Pr. 471; *St. John* v. *Griffith*, 2 Abb. Pr. 198; *Dykers* v. *Townsend*, 24 N. Y. 57; *Briggs* v. *Partridge*, 64 id. 357.)    There was no performance on the part of the defendants of the clause in the contract that the Philadelphia and New York Steam Navigation Co. should assume this lease. (*Armstrong* v. *Wheeler*, 9 Cow. 88; *Astor* v. *Lent*, 6 Bosw. 612.)    Independently of the contract, and regarding the same as simply matter of inducement, the defendants, upon the facts as alleged and proved, became personally liable for the rent as assignees in possession. (*Astor* v. *Lamoreaux*, 4 Sandf. 524; *Astor* v. *Lent*, 6 Bosw. 612; *Armstrong* v. *Wheeler*, 9 Cow. 88.)

*Edward C. Boardman* for respondent.    The evidence submitted does not show a cause of action in favor of the Lorillard Steamship Co. against the defendants. (*Johnson* v. *Morgan*, 68 N. Y. 496; *Merril* v. *Green*, 55 id. 270; *Simson* v. *Brown*, 68 id. 359; *Garnsey* v. *Rogers*, 47 id. 240; *Vrooman* v. *Turner*, 69 id. 283; *Wheat* v. *Rice*, 97 id. 302; *Pardee* v. *Treat*, 82 id. 385; *Beveridge* v. *E. R. R. Co.*, 112 id. 26.)

POTTER, J.   The allegations of the plaintiff's complaint are substantially that defendants are the survivors of the members of the copartnership of Wm. Clyde & Co., existing in June, 1874, and engaged in the business of the transportation of freight between New York and Philadelphia, and that they entered into an agreement with plaintiff at that time, a copy of which is annexed to and forms a part of the complaint.

Of course the provisions and statements contained in the agreement are to be treated as allegations of the complaint, so far as they serve to constitute a cause of action.   The agreement was between plaintiff and said Wm. P. Clyde & Co., and was for the consolidation of their respective interests into the Philadelphia and New York Transportation Line; that they should form a corporation (under the laws of the state of New York) with a capital of $300,000, and to that capital they should contribute certain property, specifying it and its value, and in such manner as to make each of the contracting parties the owners of one-half of the capital stock of the proposed corporation; that the corporation was to be managed by said Clyde & Co., who were to receive therefor the usual commissions upon freights, and who were to guaranty the plaintiff a dividend not less than seven per cent per annum for seven years; the agreement, after providing some minor details as to the management of the business of the corporation, contained this stipulation: "The corporation to assume leases of Lorillard's Philadelphia wharf, and to assume leases of piers 33 and 33½ East river, New York, at present rental, and to purchase Lorillard's sheds, barges and fixtures at an appraised value."

The complaint further, and in its terms, alleges that in pursuance of said agreement, a corporation was organized by the name of the Philadelphia and New York Steam Navigation Company; that said corporation, until its dissolution and the appointment of a receiver thereof, in July, 1879, was managed by the said firm of Wm. P. Clyde & Co.; that prior to and at the time mentioned the Lorillard Steamship Company was a corporation, and that on the 18th of March, 1871, this company entered into a lease with the Philadelphia Steamship Dock

Company, by which the latter company let its wharf to the Lorillard Steamship Co. for a specified rent, which the latter agreed to pay to the Philadelphia Steamship Dock Company; that the expression, "lease of Lorillard's Philadelphia wharf," used in the agreement, referred to this lease, and that it was understood and intended by the parties to said agreement (the plaintiff and the firm of which defendants are the survivors), in respect to paying· the rent, that the agreement was made for the benefit of the Lorillard Steamship Company, and that the new corporation should, when organized, enter into the possession of the said wharf and assume and pay the rent accruing under said lease to the end of its term; that in pursuance of said agreement the Lorillard Steamship Co., in December succeeding the June, the date of the agreement, transferred and delivered possession of said wharf to said Wm. P. Clyde & Co., the managing agents of said new corporation, and that said firm entered into and used said wharf for their own and not for the business of said new corporation until the succeeding June; that said firm of Clyde & Co., though requested to do so, refused to have said new corporation assume said lease, or to pay the rent falling due thereafter; that said Philadelphia Steamship Dock Co., the lessor in said lease, subsequently brought an action against the Lorillard Steamship Co., the lessee, for the balance of the rent, of which the defendants had notice and opportunity to defend, and recovered a judgment therefor, which was paid by the Lorillard Steamship Co., and that the latter assigned to the plaintiff the cause of action set forth in said complaint.

This analysis of the complaint brings me to the question involved in this appeal, and that is whether the Lorillard Steamship Company had any cause of action upon which it could maintain an action against the defendants.

It is generally regarded as essential that none but a party to a contract has a right to complain of or to recover damages for the breach of it, against any of the other parties to it.

The Lorillard Steamship Co. was not a party to or even named in the agreement.

The agreement was made and signed by the plaintiff and the defendants, as individuals assuming to act for themselves only and not as directors or agents of a corporation or the agent of any person. The ground of the complaint is that the defendants agreed with the plaintiff that a corporation not in being, but which plaintiff and defendants agreed should come into being, should assume and pay the rent reserved in a lease not between themselves or to which either of them was a party, but between two corporations, neither of which was a party to the contract, at least in name. But it is urged in behalf of appellant, that though the Lorillard Steamship Company was not a party to, nor referred to in the agreement, the assumption of its obligation to pay rent reserved in its lease with the Philadelphia Steamship Dock Co. was intended to be and was in fact for its benefit, and that theory brings the case within the principle of the celebrated case of *Lawrence* v. *Fox* (20 N. Y. 268).

Whether the principle of that case is applicable to this depends upon this consideration, whether the facts of that case are the same or of the same essential nature as the facts of this case. Legal principles spring from the essential facts of a case and it is not safe to apply the principle which controls the decision of one case to the decision of another case until the facts of the two cases have been closely compared and found to be essentially the same.

The essential facts of the case of *Lawrence* v. *Fox* were that one Holly, at the request of Fox, loaned the latter $300, at the same time stating to Fox that he, Holly, owed that sum to plaintiff Lawrence, for borrowed money and had agreed to pay it the next day, and the defendant Fox, in consideration of receiving said sum from Holly, promised to pay it to the plaintiff Lawrence the next day. Fox failed to pay Lawrence according to the promise he had made Holly, and Lawrence brought an action against Fox upon the promises made to Holly to pay Lawrence the three hundred dollars and recovered a judgment.

In this transaction, Fox, in consideration of receiving three

hundred dollars from Holly, promised Holly he would pay the debt that he owed Holly to Lawrence, the creditor of Holly.

The facts in this case under consideration are that the plaintiff and defendants agreed to contribute certain property owned by them respectively at an agreed valuation to the capital of a new corporation to be thereafter organized.

The value of the property to be contributed by plaintiff exceeded the value of the property to be contributed by defendants according to the agreed valuations by twenty thousand dollars and for this difference the defendants gave their notes to plaintiff.

The defendants had not received any property or benefit from and hence did not owe any debt or duty to the Lorillard Steamship Co. in consideration of which they should promise to pay any existing debt or any debt that might accrue thereafter against the Lorillard Steamship Co. The defendants had put their property with cash to equal the property put in by plaintiff into the Philadelphia and New York Steam Navigation Co. and the stock of that company to be issued upon such basis was to be and was in fact equal.

In the case of *Lawrence* v. *Fox*, Holly, who parted with his money to Fox on his promise to pay Lawrence, made the agreement with Fox to pay Lawrence, and Fox promised Holly that he would. There is no proof in this case that the Lorillard Steamship Co. made any agreement with the defendants to pay its debt to the Philadelphia Steamship Dock Co. or that defendants made any promise to the Lorillard Steamship Co., or to the Philadelphia Steamship Dock Co. to pay such debt, or that either of these companies had any knowledge of this agreement, or of the pretended obligation arising from it until long after the agreement was made and had been in process of performance in other respects.

My conclusion is that the facts of this case are materially different from the facts in the case of *Lawrence* v. *Fox*, and the courts have repeatedly said that the principle of that case should be limited to cases having the same essential facts. (*Wheat* v. *Rice*, 97 N. Y. 302.)

All that case decides is " that where one person loans money to another upon his promise to pay it to a third party to whom the party so lending the money is indebted, the contract thus made by the lender is made for the benefit of his creditor, and the latter can maintain an action upon it without proving an express promise to himself from the party receiving the money. (*Garnsey* v. *Rogers*, 47 N. Y. 240.)

This was distinctly held in *Vrooman* v. *Turner* (69 N. Y. 280). The court said that " in every case in which an action has been sustained, there has been a debt or duty owing by the promisee to the party claiming to sue upon the promise. Whether the decisions rest upon the doctrine of agency the promisee being regarded as the agent of the third party, who by bringing his action, adopts his acts, or upon the doctrine of a trust, the promisor being regarded as having received money or other things for the third party is not material. In either case there must be a legal right founded upon some obligation of the promisee in the third party to adopt and claim the promise as made for his benefit."

I have considered this case as if the action had been brought by the Philadelphia Steamship Dock Co., of whom the Lorillard Steamship Co. leased the property and to whom the rent under the lease was payable.

I have assumed in my discussion of the case that the Lorillard Steamship Co. might maintain this action against the defendants for not paying the rent, if the defendants had been liable under the agreement to pay the rent to the Philadelphia Steamship Dock Co.

If I had reached a different conclusion as to the liability of defendants under the agreement, it would have been necessary to consider other facts before holding that the defendants were liable to the plaintiff in this case.

I think the judgment should be affirmed with costs.

All concur.

Judgment affirmed.