BENEDICTA DURNHERR, Appellant, v. JOSEPH RAU, Respondent.

It is not sufficient that the performance of a covenant by a grantee in a deed may benefit a third person, to entitle the latter to enforce it, but the covenant must have been entered into for his benefit, or such benefit must be the direct result of performance and so, within the contemplation of the parties, and the grantor must also have a legal interest that the covenant be performed in favor of the party claiming performance.

D., plaintiff's husband, executed to defendant a deed of certain premises, with covenant of warranty; he had previously executed mortgages thereon in which plaintiff joined. The grantee covenanted to pay all incumbrances, "by mortgage or otherwise," and the deed declared that the grantor's wife reserved her right of dower in the premises. The mortgages were subsequently foreclosed and the premises sold. In an action for breach of the covenant, plaintiff claimed as damages the value of her inchoate right of dower cut off by the foreclosure. *Held*, untenable; that the only legal operation of the clause concerning dower was to limit the warranty by excluding therefrom plaintiff's dower right; that plaintiff's joinder in the mortgages was a voluntary surrender of her dower right and bound her interest, to the extent necessary to protect the securities; that the essential relation of debtor and creditor between the grantor and plaintiff, or such a relation as makes the performance of the covenant at the instance of plaintiff a satisfaction of some legal or equitable duty owing by the grantor to her was also lacking, as he owed her no duty, enforceable in law or equity, to pay the mortgages to relieve her dower.

*Lawrence* v. *Fox* (20 N. Y. 268), distinguished.

Reported below, 60 Hun, 358.

(Argued June 3, 1892; decided October 4, 1892.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made June 2, 1891, which affirmed an order entered upon the minutes, setting aside a verdict in favor of plaintiff and granting a new trial.

This was an action to recover damages for an alleged breach of covenant in a deed from Emanuel Durnherr, plaintiff's husband, to defendant.

The facts, so far as material, are stated in the opinion.

*Theodore Bacon* for appellant. The court was in error in judging that a legal debt or duty from the promisee to the third person, for whose avowed benefit the promise is made, is necessary to enable such third person to sue upon the promise. (*Thorp* v. *K. C. Co.*, 48 N. Y. 253; *Grant* v. *D. S. Co.*, 77 Wis. 72.) The obligation of the husband to provide for the wife, whether in his lifetime or after death, is such an "obligation or duty" as will sustain the promise to the husband for the benefit of the wife, made for that declared purpose. (*Partridge* v. *Havens*, 10 Paige, 618; *Garlick* v. *Strong*, 3 id. 440; *T. N. Bank* v. *Guenther*, 123 N. Y. 568; *Romaine* v. *Chauncey*, 129 id. 566; *Denton* v. *Nanny*, 8 Barb. 618; 4 Kent's Comm. 50.; *Mills* v. *Van Voorhes*, 20 N. Y. 412; *Kursheedt* v. *Savings Inst.*, 118 id. 359; *Vartie* v. *Underwood*, 18 Barb. 561; *Simar* v. *Canaday*, 53 N. Y. 298; *Youngs* v. *Carter*, 10 Hun, 194; *Dutton* v. *Poole*, 2 Lew. 210; *Todd* v. *Weber*, 95 N. Y. 181; *Munroe* v. *Crouse*, 59 Hun, 248.) The relation of debtor and creditor is disclosed in the present case by a closer analogy even than that referred to in the case of *Youngs* v. *Carter*. (*Gore* v. *Townsend*, 8 L. R. A. 442; Kelly's Contracts of Married Women, 105; 1 Bish. Marr. Women, § 604.) "The plain and manifest intention of the parties, as collected from the four corners of the instrument," shall, if possible, be carried out. (Broome's Leg. Max. 417.)

*William E. Edmonds* for respondent. The agreement contained in deed dated April 16, 1875, was in its effect a full and complete revocation, rescission and release to defendant of any and all obligations contained in the deed March 29, 1875. (*Scofield* v. *McGregor*, 63 N. Y. 638; *Hadden* v. *Dimick*, 48 id. 661; *Price* v. *Gowen*, 10 id. 465; Fry on Spec. Perf.

§ 683; *Kelly* v. *Roberts*, 40 N. Y. 432; *Healy* v. *Utley*, 1 Cow. 345.) The agreement contained in the deed from Emanuel Durnherr to Joseph Rau, dated March 28, 1875, did not contain any provision by which a right of action for dower can be maintained by plaintiff against defendant. (*Vrooman* v. *Turner*, 69 N. Y. 284; *Seward* v. *Huntington*, 94 id. 111; *Kings* v. *Watts*, 14 Wend. 38; *Fonda* v. *Sage*, 46 Barb. 109; Code Civ. Pro. §§ 1597, 1598, 1599, 1600, 1601, 1602.)

Andrews, J. The deed from Emanuel Durnherr to the defendant recited that it was given in payment of a debt owing by the grantor to the grantee of $660, "and the further considerations expressed herein." The grantee covenanted in the deed to pay all incumbrances on the premises "by mortgage or otherwise." This constitutes the only "further consideration" on his part expressed therein. The deed also declared that the wife of the grantor (the plaintiff) reserved her right of dower in the premises. The conveyance contained a covenant of general warranty by the grantor, and the only legal operation of the clause respecting the dower of the wife was to limit the scope of the warranty by excluding therefrom her dower right. By the foreclosure of the mortgages on the premises existing at the time of the conveyance, in which (as is assumed) the wife joined, the title has passed to purchasers on the foreclosure, and the inchoate right of dower in the wife has been extinguished. This action is brought by the wife on the defendant's covenant in the deed, and she seeks to recover as damages the value of her inchoate right of dower, which was cut off by the foreclosure.

The courts below denied relief, and we concur in their conclusion. The covenant was with the husband alone. He had an interest in obtaining indemnity against his personal liability for the mortgage debts, and this, presumably, was his primary purpose in exacting from the grantee a covenant to pay the mortgages. The cases also attribute to the parties to such a covenant the further purpose of benefiting the holder of the securities, and the natural scope of the covenant is extended

so as to give them a right of action at law on the covenant, in case of breach, as though expressly named as covenantees. (*Burr* v. *Beers*, 24 N. Y. 178.) But the wife was not a party to the mortgages, and in no way bound to pay them. She had an interest that they should be paid without resort to the land, so that her inchoate right of dower might be freed therefrom. The husband, however, owed her no duty enforcible in law or equity to pay the mortgages to relieve her dower. The most that can be claimed is that the mortgages having (as is assumed) been executed to secure his debts, and he having procured the wife to join in them and pledge her right for their payment, he owed her a moral duty to pay the mortgages, and thereby restore her to her original situation. But according to our decisions no legal or equitable obligation, of which the law can take cognizance, was created in favor of the wife against the husband or his property by these circumstances. She was not in the position of a surety for her husband. Her joinder in the mortgages was a voluntary surrender of her right for the benefit of the husband, and bound her interest to the extent necessary to protect the securities. (*Manhattan Co.* v. *Evertson*, 6 Pai. 467; *Hawley* v. *Bradford*, 9 id. 200.) There is lacking in this case the essential relation of debtor and creditor between the grantor and a third person seeking to enforce such a covenant, or such a relation as makes the performance of the covenant at the instance of such third person a satisfaction of some legal or equitable duty owing by the grantor to such person, which must exist according to the cases in order to entitle a stranger to the covenant to enforce it. It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, or at least such benefit must be the direct result of performance and so within the contemplation of the parties, and in addition the grantor must have a legal interest that the covenant be performed in favor of the party claiming performance. (*Garnsey* v. *Rogers*, 47 N. Y. 233; *Vrooman* v. *Turner*, 69 id. 280; *Lorillard* v. *Clyde*, 122 id. 498.) The application of the doctrine of *Lawrence* v. *Fox* (20 N.

Y. 268), to this case would extend it much further than hitherto, and this cannot be permitted in view of the repeated declarations of the court that it should be confined to its original limits.

The order should be affirmed, and judgment absolute ordered for the defendant with costs.

All concur.

Order affirmed and judgment accordingly.