(6 Misc. Rep. 84.)

RIORDAN v. FIRST PRESBYTERIAN CHURCH OF TREMONT.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

1. ACTION—PROMISE FOR BENEFIT OF THIRD PERSON.
  A promise by one person for the benefit of another will sustain an action by that other; and this, although the debt which the one promised to pay be not then in existence, and although, at the time of the promise, the beneficiary be not identified, and although the person claiming the benefit of the promise did not know of it when his claim against the promisee accrued.

2. SAME—CHARACTER OF CONTRACT.
  The rule is applicable as well to a specialty as to a simple contract.

3. SAME—ORIGIN OF DOCTRINE.
  Origin in this state of the doctrine of Lawrence v. Fox, 20 N. Y. 268.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Sara Riordan against the First Presbyterian Church of Tremont. From a judgment of the city court (23 N. Y. Supp. 323) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

For services rendered to Ann Wilson in her illness, the plaintiff sues upon the subjoined covenant in an agreement between said Wilson and defendant, of which the consideration expressed is the conveyance by Wilson to defendant of a parcel of land in the city of New York: "Fourth. The said First Presbyterian Church of Tremont, New York city, will pay and discharge any and all charges and expenses for medical attendance and advice, or other necessary attendance in case of illness, and the funeral charges and expenses, of the said Ann Wilson, which shall include the purchase of a grave in Woodlawn Cemetery, and the erection of a monumental headstone. The session of the said church shall have the full and entire charge of the said funeral."

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Ernest Hall, for appellant.
Edgar J. Nathan, for respondent.

PRYOR, J.    For a valid consideration, the defendant covenanted with Ann Wilson to "pay and discharge any and all charges and expenses for necessary attendance in case of illness."    Upon allegation and proof of necessary service rendered to Ann Wilson in her illness, the plaintiff has recovered a judgment against the defendant; and the question is whether the defendant's covenant with Ann Wilson so inured to the benefit of the plaintiff as to support an action by her against the defendant.

Lawrence v. Fox, 20 N. Y. 268, (decided in 1859,) is commonly cited to the proposition that a promise by one for the benefit of another will sustain an action by that other; but, so long before as 1806, the point was expressly ruled in Schermerhorn v. Vanderheyden, 1 Johns. 139, was reaffirmed in Barker v. Bucklin, 2 Denio, 45, and was recognized and approved by repeated adjudications. Delaware & H. Canal Co. v. Westchester County Bank, 4 Denio, 97; Hale v. Boardman, 27 Barb. 85; Judson v. Gray, 17 How. Pr. 296; Therasson v. McSpedon, 2 Hilt. 3.    Since Lawrence v. Fox, the principle has been applied by the courts of New York in a multitude of cases, and it must now be regarded as fundamental in the jurisprudence of the state.    Barlow v. Myers, 64 N. Y. 41, 44.    Indeed, it is the prevalent law of the Union.    Hendrick v. Lindsay, 93 U. S. 143, 149, and cases collected in note to Schermerhorn v. Vanderheyden, 3 Amer. Dec. 305, 306.    Whatever of technical doubt or difficulty may have hindered its acceptance by the courts has been dissipated by the provision of the Codes authorizing an action by the real party in interest.    Pom. Rem. § 139.    The fact that the promise is evidenced by a specialty, instead of a simple contract, is ineffectual to render it unavailable to one not a party or privy.    Coster v. Mayor, etc., 43 N. Y. 399.

Accepting the rule, then, as inveterate and unimpeachable, the point for adjudication is whether the case be within its operation. We are not unmindful of the admonition by the court of appeals against any extension of the principle beyond the scope of its legitimate application.    Wheat v. Rice, 97 N. Y. 302; Lorillard v. Clyde, 122 N. Y. 498, 25 N. E. 917; Durnherr v. Rau, 135 N. Y. 219, 32 N. E. 49.    But it is clear to demonstration that the conditions essential to the operation of the rule as prescribed in Lawrence v. Fox are present in the case at bar, namely, a liability of Ann Wilson to the plaintiff, and a promise by the defendant, on a sufficient consideration, to discharge that liability.    True, in Lawrence v. Fox, the debt of the third person to the plaintiff, which the defendant promised that person to pay to the plaintiff, was then in existence and ascertained, whereas here the claim of Sara Riordan against Ann Wilson accrued after defendant's promise.    But that this diversity is ineffectual to avoid the application of the rule is settled by the court of appeals.    Coster v. Mayor, etc., 43 N. Y. 399, 411;

Little v. Banks, 85 N. Y. 258. True, also, that in Lawrence v. Fox the beneficiary of defendant's promise was identified and named, whereas here, when the defendant engaged to pay for attendance upon Ann Wilson, the defendant was not apprised that Sara Riordan would render that service. But this circumstance, too, is immaterial. 'Cases supra; Arnold v. Nichols, 64 N. Y. 117; Melvain v. Tomes, 14 Hun, 31; Kingsbury v. Earle, 27 Hun, 141; Spingarn v. Rosenfeld, (Com. Pl. N. Y.) 24 N. Y. Supp. 733. True, again, that when plaintiff rendered the services to Ann Wilson she was not aware of defendant's promise to pay for them; but "such promise is to be deemed made to a third party, if adopted by him, though he was not cognizant of it when made." 1 Pars. Cont. 468, and citations passim. Still, to maintain this action on defendant's promise to Ann Wilson, it is indispensable that the promise appear to be made for the plaintiff's benefit. Garnsey v. Rogers, 47 N. Y. 233, 240; Beveridge v. Railroad Co., 112 N. Y. 2, 19 N. E. 489. That such is its intent is apparent upon its terms In full, the engagement is to "pay and discharge any and all charges and expenses for medical attendance and advice, or other necessary attendance in case of illness, and the funeral charges and expenses, of the said Ann Wilson, which shall include the purchase of a grave in Woodlawn Cemetery, and the erection of a monumental headstone." The provision for funeral expenses and monument demonstrates that the stipulated payments were not to be made to Ann Wilson, and so the inevitable inference is that the defendant engaged to pay the person rendering the services for which the defendant assumed the responsibility. The circumstances of the case confirm the conclusion. The consideration of the defendant's promise was the transfer of all Ann Wilson's property,—"of all the assets to which creditors had the right to look for payment of their claims,—and hence the promise of the defendant to pay such claims must be deemed to have been made for their benefit." Arnold v. Nichols, 64 N. Y. 117, 119. In fact, the defendant did pay the physicians for their attendance on Ann Wilson and the undertaker for the expenses of her funeral,—did discharge to her creditors all the claims for which defendant assumed liability, except the demand of plaintiff,—and that demand the defendant's treasurer attempted to compromise. Indeed, the evidence authorizes the inference that the defendant recognized its liability to plaintiff upon its promise to Ann Wilson, but denied that the plaintiff had rendered the stipulated service. That plaintiff rendered the service—necessary attendance in illness—is abundantly apparent in the evidence. The defendant insists that Ann Wilson was affected only by the infirmities of old age; but the infirmities incident to her period of life, 87 to 91 years, and with which in fact she was afflicted to the extremity of utter prostration and helpless debility, constitute illness; in any and every sense of the term. They were infirmities of which she died.

Again, defendant objects that the plaintiff is allowed compensation for the attendance of members of her family upon Ann Wilson. If such were the fact, the judgment would not be invalidated; for services to Ann Wilson on behalf of the plaintiff by members of

her family, for which they made no charge, in legal effect, were services by the plaintiff, and for them she was entitled to remuneration. But the learned trial judge explicitly admonished the jury to exclude them from consideration, and we are to intend that the instructions of the court were not disregarded. The exception to evidence upon which appellant relies is that the plaintiff was permitted to testify to personal communications and transactions with Ann Wilson. Code, § 829, precludes testimony by a party to transactions or communications with a deceased person against a person deriving his title or interest from, through, or under such deceased person. It is obvious at once that in this action the defendant does not sustain the relation to Ann Wilson which the Code prescribes as indispensable to the rejection of plaintiff's testimony. Indeed, with characteristic candor, the learned counsel for the appellant concedes that the case is not within the letter of the statute, but contends that it is within its spirit. This is not enough. To make the evidence incompetent, it must appear to be within the terms of the prohibition. Lobdell v. Lobdell, 36 N. Y. 327, 334; Severn v. Bank, 18 Hun, 228.

We have accorded all possible consideration to the elaborate argument of counsel for the appellant, and our conviction still is that the judgment is correct. Judgment affirmed, with costs. All concur.