FREDERICK FEIST, Appellant, *v.* ALFRED SCHIFFER and Others, Respondents.

*Action on a promise may be maintained by a third person for whose benefit it was made — contract of indemnity.*

An action will lie on a promise, made upon a valid consideration, to a third person for the benefit of the plaintiff in such action, although the plaintiff was not privy to the consideration, where the facts show that the promise was for the plaintiff's benefit and made with that distinct intention.

An agreement considered in the light of the surrounding circumstances, which lead to the determination that the same was a contract of indemnity and not a contract to pay a judgment which might be recovered against one of the parties thereto.

APPEAL by the plaintiff, Frederick Feist, from a judgment of the Supreme Court dismissing the plaintiff's complaint upon the merits, entered in the office of the clerk of the county of New York on the 24th day of April, 1894, upon a trial before the court and a jury at the New York Circuit.

*Edward W. S. Johnston,* for the appellant.

*M. Warley Platzck,* for the respondents Schiffer et al.

*W. W. Bryan,* for the respondent David.

O'BRIEN, J. :

This action is brought by a judgment creditor of Albert A. David against the obligors under the following agreement :

"Agreement made this third day of December, eighteen hundred and eighty-seven, by and between David, Schiffer & Company, Denzer, Stern & Company and Bernheim, Bauer & Company, parties of the first part, and Albert A. David, party of the second part, witnesseth :

"Whereas, the party of the second part, at the request of the parties of the first part, undertook to effect settlement of the claims of the parties of the first part against H. S. Simon of Eugene City, Oregon ; and, whereas, in order to effect such settlement, the party of the second part deemed it necessary and desirable to purchase of one Samuel Simon a certain judgment held by him against said H. S. Simon and for which he gave his check to said Samuel Simon on the Tradesmen's National Bank of the city of New York for eighteen hundred and sixty dollars ; and, whereas, for good and sufficient reasons and in furtherance of the interests of the parties of the first part and with their approval he ordered said bank to refuse the payment of such check when presented, and, whereas, such refusal may involve him in litigation ;

"Now, in consideration of the premises and of the sum of one dollar by each of the parties to the other or others in hand paid, the receipt whereof is hereby acknowledged, these presents witness :

"1. That in the event that action is brought against the said party of the second part, by said Samuel Simon, his assigns or legal representatives, said parties of the first part will defend such action at their own cost and expense and will pay any judgment that may be rendered against the party of the second part or his legal representatives in any such action.

"2. That the parties of the first part between themselves agree that they will pay the costs, expenses and judgment resulting from any action which may be brought as aforesaid in the same proportion as they were interested in the affairs of H. S. Simon, to wit, David, Schiffer & Co., in the sum of thirty-eight hundred and fifty-one dollars and fifty cents ; Bernheim, Bauer & Co., in the sum of six hundred and nine dollars and ninety-eight cents ; Denzer, Stern & Co., in the sum of one hundred and fifteen dollars."

The plaintiff through mesne assignments became the owner of the check referred to in the agreement and brought suit against David thereon and obtained a judgment, execution upon which was returned unsatisfied, and such judgment still remains unpaid.

The theory of the action is that the agreement inures to the benefit of the plaintiff, having been made between David and the respective firms therein mentioned in favor of the one who should recover judgment on the check. If this theory finds support in the evidence, then, under the familiar principle laid down in the case of *Lawrence* v. *Fox* (20 N. Y. 268), that an action will lie " on a promise by a defendant, upon a valid consideration, to a third person for the benefit of plaintiff, although the plaintiff was not privy to the consideration," this action is maintainable. It has been many times said by the Court of Appeals that the principle of that case should not be extended, but should be confined to its original limits. (*Lorillard* v. *Clyde*, 122 N. Y. 498 ; *Durnherr* v. *Rau*, 135 id. 222.) And in *Beveridge* v. *N. Y. El. R. R. Co.* (112 N. Y. 26) Judge Gray, writing the opinion, says : " Within the principles of adjudged cases in this court, where the plaintiff seeks to base his right to maintain his action against a third party upon a contract made between that party and another, it must be one made or intended for his benefit. Such a beneficial intent must be clearly found in the agreement. * * * But in all of the cases which I have examined where the action was sustained, the facts showed that the promise clearly was for the third person's benefit, and made with that distinct intention."

The question here presented, therefore, narrows down to a construction of the agreement itself, as to whether it was a contract of indemnity for David's benefit, or a contract to pay the judgment creditor. If the language of the agreement were susceptible of the view that the parties thereto promised David that they would pay the judgment creditor, then there would be much force in the argument that this was within the principle laid down in *Lawrence* v. *Fox* and kindred cases. But it is equally clear that if it was a mere contract of indemnity to David, then, not being a promise or agreement with David for the benefit of a third person, it would not be within the principle of those cases, and the plaintiff, having no contractual relation with the parties to the agreement, and not

being himself privy thereto, could not under such circumstances maintain this action.

That this was a contract of indemnity we think is clear, not alone from the language of the agreement itself, but in the light of the circumstances surrounding its execution. The parties thereto undertook to pay any judgment which one Samuel Simon, or his assigns, might recover against David upon the check which David had given to Simon in the interest of the parties, but the payment of which he stopped with their approval and in their interest, agreeing between themselves, in the event of liability thereon, to contribute in certain fixed proportions. They, therefore, occupied towards the holder of the check an attitude of hostility and resistance, and did not undertake to pay plaintiff, or make a promise which was to inure to his benefit, but, on the contrary, entered into an agreement for the purpose of inducing David to resist the payment of the check given to Simon, and which subsequently passed into the hands of the plaintiff. We think that this consideration alone, in view of the language which we have quoted from the case of *Beveridge* v. *N. Y. El. R. R. Co.* (*supra*), is conclusive against the plaintiff's right to maintain the action. For, as already said (quoting from the opinion in that case) in all cases where the action was sustained, " the facts showed that the promise clearly was for the third person's benefit, and made with that distinct intention."

There are other objections urged with much force against the plaintiff's right to maintain this action, but, as we have reached a conclusion upon the main ground, it is unnecessary to discuss them.

We think, therefore, that the judgment below was right, and should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.