JAMES A. LEARY and Another, Respondents, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, May 6, 1925.

**Attorney and client — attorney's lien — action by attorneys for person injured by defendant's negligence to recover one-half of settlement made directly by defendant with said person — action is on agreement between defendant and said person whereby defendant agreed to save her harmless from any legal lien attorneys might have against her for services — plaintiffs cannot maintain action.**

An agreement by the person liable for negligently injuring another, made at the time the person so liable settled the claim directly with the person injured who, at that time, was represented by a firm of attorneys, by which the person liable agreed to save the injured person harmless from any legal lien that the attorneys might have against her for services arising out of the case, cannot be made the basis of an action by the attorneys to recover from the person liable for the negligence one-half the settlement, which amount the attorneys were to receive from their client for their services.

The agreement was merely a contract of indemnity for the protection of the injured person against any claim that the attorneys might have against her, and was not one made for the benefit of the attorneys on which they might sue under well-recognized principles of law.

APPEAL by the defendant, New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Saratoga on the 10th day of October, 1924, upon the verdict of a jury, and also from an order entered in the said clerk's office on the 15th day of October, 1924, denying the defendant's motion for a new trial made upon the minutes.

*Whalen, Murphy, McNamee & Creble* [*Sherman A. Murphy* of counsel], for the appellant.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the respondents.

44

COCHRANE, P. J.:

The plaintiffs, who are attorneys and counselors at law, were retained by Dennis J. Smith and Grace Smith, his wife, to prosecute claims against the defendant because of its alleged negligence resulting in personal injuries to the said Grace Smith. For their services the plaintiffs were to be paid one-half of the amounts recovered or received in settlement. They brought an action for Grace Smith but not for her husband Dennis. Defendant settled with both of the Smiths, paying the wife $1,500 and the husband $1,000. On such settlement the defendant gave the Smiths an agreement as follows:

" AGREEMENT AS TO ATTORNEY'S LIEN.

" It is hereby agreed by and on behalf of the New York Central Railroad Company that the said Railroad Company will protect Grace Smith and Dennis J. Smith of Delanson, N. Y., and save them harmless from any legal lien that Attorneys Leary & Fullerton may have against them for services in the case arising out of injuries received by the said Grace Smith at or near South Schenectady, N. Y., on or about the 14th day of June, 1921."

Plaintiffs bring this action on the foregoing agreement, claiming the right to recover thereon $500, being one-half of the amount for which the defendant settled with Dennis J. Smith.

It was admitted at the trial and held by the trial justice that the plaintiffs had no lien in respect to the settlement with Dennis J. Smith because no action had been instituted in his behalf. The jury were permitted, however, to find that by the use of the word " lien " in the agreement the parties intended any claim which the plaintiffs might have arising from the settlement. The plaintiffs in their brief state the question to be determined as follows: " The real question in the case is what is the meaning of the word *lien?* * * * In this particular instance it is our contention that the word lien means claim." We do not think the plaintiffs have thus fully compassed the entire difficulty with their case. We need not decide whether " lien " in this agreement means " claim." Plaintiffs bring this action on a contract made by the defendant with third parties relying on a class of cases of which *Lawrence* v. *Fox* (20 N. Y. 268) and *Seaver* v. *Ransom* (224 id. 233) are types. Those cases are not in point because in them the contract was clearly intended to benefit the plaintiff. In *Beveridge* v. *New York Elevated R. R. Co.* (112 N. Y. 1) (at p. 26) Judge GRAY writing for the court says: " Where the plaintiff seeks to base his right to maintain his action against a third party upon a contract made between that party and another, it must be one

made or intended for his benefit. Such a beneficial intent must be clearly found in the agreement [citing cases including *Lawrence v. Fox, supra*]. * * * But in all of the cases which I have examined, where the action was sustained, the facts showed that the promise clearly was for the third person's benefit, and made with that distinct intention." (See, also, *Martin* v. *Peet*, 92 Hun, 133; *Feist* v. *Schiffer*, 79 id. 275.) It will hardly be claimed by the plaintiffs themselves that the defendant intended by this agreement to confer any benefit on them. Rather it was in hostility or opposition to them. It is admitted by the pleadings that the settlement was without their knowledge or consent. The circumstances show conclusively that the defendant was not concerned in aiding or assisting the plaintiffs. An enforcement of this agreement by the plaintiffs would be an extension of its use not contemplated by the defendant and, therefore, not authorized by the authorities. Furthermore, the language of the agreement is adverse to the contention of the plaintiffs. There is no promise to pay them anything. (*Martin* v. *Peet*, 92 Hun, 133, 138.) The promise is personal to the Smiths. It is solely to " protect " them " and save them harmless." It is purely a promise of indemnity. Protection or immunity for the Smiths is the object sought. Very different language would have been used had the defendant intended to pay plaintiffs or to create for them an advantage or cause of action in respect to the agreement. For the reasons stated we think the motion of the defendant to dismiss the complaint should have been granted.

The judgment and order should be reversed on the law and the complaint dismissed, with costs.

All concur.

Judgment and order reversed on the law and complaint dismissed, with costs.