VIOLA ROOT, Respondent, *v.* CITY OF SARATOGA SPRINGS, Appellant, Impleaded with CHARLES H. RUSSELL, Defendant.

Third Department, November 11, 1926.

Municipal corporations — streets — action for injuries suffered by plaintiff when she slipped and fell on ridge of ice on sidewalk — charter of Saratoga Springs (Laws of 1916, chap. 229, § 55) requires advance notice of particular place and condition — said section applies to dangerous conditions created by third persons — complaint is insufficient for failure to allege that written notice was given — alleged contract between city and property owner, whereby property owner agreed to care for sidewalk, does not aid plaintiff.

In an action to recover damages for injuries suffered by the plaintiff, when she slipped and fell on a ridge of ice on a sidewalk in the city of Saratoga Springs opposite premises which belonged to the individual defendant, the complaint was properly dismissed, since it appears that it does not contain an allegation that the plaintiff served a written notice, as required by section 55 of the

charter of the city of Saratoga Springs (Laws of 1916, chap. 229), of the particular place and condition where the injury occurred, and that a reasonable time elapsed thereafter before the accident, in which to permit the city to remedy the condition.

The provision of the charter is applicable to all dangerous conditions created by agencies for which the city was not originally responsible, and applies to the present case.

An allegation that the city had contracted with the individual defendant to care for and look after the sidewalks surrounding his premises, does not aid the plaintiff or free her from the necessity of showing a compliance with said section 55, for that contract was not made for her benefit and did not reach beyond the contracting parties.

APPEAL by the defendant, City of Saratoga Springs, from an order of the Supreme Court, made at the Saratoga Special Term, and entered in the office of the clerk of the county of Saratoga on the 24th day of July, 1926, denying its motion made upon the pleadings to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

*Sheridan P. Wait* [*Louis E. Follett* of counsel], for the appellant.

*Leary & Fullerton,* for the respondent.

COCHRANE, P. J.    It is alleged in the complaint that the plaintiff " slipped and fell on a ridge of ice " on a sidewalk on the northerly side of Division street in the city of Saratoga Springs opposite the premises known as " Hotel Russell," owned and occupied by the defendant Russell.    Various specifications of negligence are alleged in allowing snow and ice to accumulate on the sidewalk and remain there for an unreasonable length of time without removal and without taking appropriate means to prevent pedestrians from falling thereon.    Section 55 of the Charter of the City of Saratoga Springs (Laws of 1916, chap. 229) provides as follows: " No action shall be maintained against the city for damages for injuries to person or property sustained within the highways, unless it appear that a prior written notice of the particular place and condition where the injury occurred was given to the commissioner of public works, and there was a failure within a reasonable time thereafter and before the accident to remedy the condition."    If this statute is applicable the complaint should allege that the written notice thereby required was given.    (*Minton* v. *City of Syracuse,* 172 App. Div. 39, 44.)    There is no such allegation in the complaint.    In the application of this statute a distinction exists between cases where the dangerous condition was created by the city and cases where the dangerous condition was caused by agencies for which the city was not originally responsible.    This distinction was clearly pointed out by this court

in *Jones* v. *City of Binghamton* (198 App. Div. 183). In the latter class of cases the statutory notice must be alleged and proved. Clearly the city was not responsible for the deposit of snow and ice on the sidewalk. The complaint it is true alleges that the sidewalk was in an uneven, dangerous and defective condition but it is not alleged that this condition was created by the city. There is no allegation that the city constructed or ever repaired the sidewalk. For the failure, therefore, to allege that the statutory notice was given as the city charter requires the complaint is insufficient unless for the reason hereafter stated.

The plaintiff has alleged that the city contracted with the defendant Russell " to care for and look after the sidewalks surrounding said premises." From this it is argued that the city abandoned its governmental function and entered upon a private enterprise in caring for the sidewalks of the individual Russell and that, therefore, the statutory notice was not required but that the defendant became liable as would an individual making such a contract. Assuming as we must the existence of this contract and assuming its validity as between the city and the defendant Russell, concerning which we express no opinion, we think the plaintiff is neither better nor worse off by reason of the contract. It certainly did not deprive her of her cause of action against the defendant Russell nor can we see how it added to the liability of the city. Plaintiff retained her rights against both parties unchanged and unimpaired. The contract was not intended for her benefit and did not reach beyond the contracting parties. It is well settled that a plaintiff cannot base his right to maintain an action upon a contract made between others unless such contract was made or intended for his benefit. (*Beveridge* v. *New York Elevated R. R. Co.*, 112 N. Y. 1, 26; *Martin* v. *Peet*, 92 Hun, 133; *Feist* v. *Schiffer*, 79 id. 275; *Leary* v. *New York Central R. R. Co.*, 212 App. Div. 689.) There is a class of cases relied on by the plaintiff where a party to a contract has been held liable to a third party for the negligent performance of such contract. (*Glanzer* v. *Shepard*, 233 N. Y. 236; *MacPherson* v. *Buick Motor Co.*, 217 id. 382, 386; *Devlin* v. *Smith*, 89 id. 470; *Burke* v. *Ireland*, 26 App. Div. 487, 492.) Those cases have no application here. In each of them the defendant acted affirmatively. Here the city under its contract with Russell did nothing. Under that contract it owed the respondent no duty of affirmative action. Had it acted and acted negligently to the injury of plaintiff a different question would be here. Perhaps it might then be urged that it was guilty of misfeasance. Such were the cases above cited. We are referred to no case holding a defendant liable for negligence because of nonfeasance in respect to a

contract with a third party in the absence of a contractual obligation to the plaintiff. In *Glanzer* v. *Shepard* *(supra)* it was said: " It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all." Further than this the authorities cited by the plaintiff do not go.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted as to the defendant city of Saratoga Springs, with costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted as to the city of Saratoga Springs, with ten dollars costs.