BEATRICE PASQUALE, Appellant, v. GEORGE WOODWARD and Another, Defendants, and THE CITY OF SARATOGA SPRINGS, Respondent.— Appeal from an order entered in the office of the clerk of Saratoga county granting a motion on behalf of the defendant, city of Saratoga Springs, dismissing the complaint as to said defendant upon the ground that it fails to state facts sufficient to constitute a cause of action against said defendant.  The complaint alleges that plaintiff was injured by a fall caused by a ridge of ice on the sidewalk in front of property of the defendants Woodward at 80 Marvin street, in said city; that the ice was caused by water flowing over the sidewalk, and conducted thereto over and along a concrete strip on said premises which slants downward to the sidewalk; which water fell from a roof to said concrete strip; that said ice was suffered and permitted by the defendants to remain thereon for a considerable period of time.  Section 55 of the charter of the city provides: " No action shall be maintained against the city for damages for injury to person or property sustained within the highways, unless it appear that a prior written notice of the particular place and condition where the injury occurred was given to the Commissioner of Public Works * * *; nor unless within thirty days after such accident a written notice of the particular time, place and cause of the accident, the nature of the injury and the amount of damage sustained, shall be served upon the city."  The complaint fails to allege the giving of either notice specified in said section.  Order unanimously affirmed, with ten dollars costs and disbursements.  (See MacMullen v. City of Middletown, 187 N. Y. 37; Curry v. City of Buffalo, 135 id. 366; Root v. City of Saratoga Springs, 218 App. Div. 237; Gregorius v. City of Corning, 140 id. 701; Mc Nally v. City of Cohoes, 127 N. Y. 350; Rice v. City of Mechanicville, 195 App. Div. 268.)  Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

NATHAN B. SCHREIER, Appellant, v. CHARLES P. CUMMINGS, GERTRUDE R. CUMMINGS, CLIFFORD W. LEBRECHT, EDWARD E. LEBRECHT and KINDERHOOK MANUFACTURING CO., INC., Respondents.  KINDERHOOK KNITTED CAP COMPANY and NATIONAL UNION BANK OF KINDERHOOK, Defendants.— This is an appeal from an order of the Supreme Court dismissing the complaint herein upon the ground of plaintiff's laches.  The complaint alleges a conspiracy on the part of the defendants in permitting the foreclosure of a mortgage in the year 1932.  Plaintiff had knowledge of the foreclosure action.  A few days after the sale he received notice of said sale.  Referee's deed under the sale has been given and a new corporation formed and a mortgage given by the new corporation, which mortgage has been assigned to the defendant bank.  Plaintiff waited upwards of four years from the commencement of the foreclosure action to institute the present action.  It is a well-established principle of equity, that where there is a discretion to bar a right on the ground of delay, the courts will, in the exercise of that discretion, use the Statute of Limitations as a rule to guide their action.  (Politz v. Wabash R. R. Co., 207 N. Y. 113, at p. 130.)  Plaintiff's alleged cause of action is not barred by the Statute of Limitations and, therefore, dismissal on the ground of plaintiff's laches was error.  Order reversed, on the law, with ten dollars costs and disbursements to the appellant to abide the event.  Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.