ERNESTINE GOLDEN, Plaintiff, v. CITY OF ROME, Defendant.
CLARENCE E. GOLDEN, Plaintiff, v. CITY OF ROME, Defendant.

Supreme Court, Special Term, Oneida County, December 22, 1947.

*Arthur, Arthur & Arthur* for plaintiffs.

*Edward A. Wolff* and *George W. Black* for defendant.

MALPASS, J. The defendant has made a motion for an order dismissing the complaint in each of the above actions on the ground that the complaint in each action does not state facts sufficient to constitute a cause of action.

Action number one is brought to recover damages for personal injuries suffered by reason of the plaintiff falling on the sidewalk on the bridge spanning Wood Creek on West Dominick Street, in the city of Rome, New York. Action number two is a derivative action brought by the husband of the plaintiff in action number one to recover the husband's damages for loss of services and expenses incurred in the care and treatment of his wife made necessary as a result of her injuries.

The complaint alleges that " On or about the first day of November, 1945, by reason of the negligence of the defendant, the public sidewalk on the bridge spanning Wood Creek on the northerly side of West Dominick Street in the city of Rome was out of repair, unsafe and dangerous to travel and walk upon, by reason of several small holes and pits therein and that the defendant negligently left said public sidewalk in a dangerous condition aforesaid without guarding the said holes or placing any light or signal near thereto to indicate danger."

The Charter of the City of Rome provides as follows (L. 1921, ch. 679, § 176): " The city of Rome shall not be liable for damage or injury sustained by any person in consequence of any street, bridge, highway, culvert, sidewalk or crosswalk in said city being defective, out of repair, unsafe, dangerous or obstructed by snow, ice or otherwise, or in any way or manner, unless actual notice of the defective, unsafe, dangerous or obstructed condition of said street, highway, bridge, culvert, sidewalk or crosswalk shall have been given to the common council of said city, or to the commissioner of public works of said city, at least forty-eight hours previous to such damage or injury."

The complaint contains no allegation to the effect that actual notice was given to the officials designated in the charter and it is the contention of the defendant that failure to allege the giving of such notice is fatal and that the complaint should be dismissed. The defendant has cited the cases of *Root* v. *City of Saratoga Springs* (218 App. Div. 237) and *Pasquale* v. *Woodward* (250 App. Div. 808) as authorities in this regard. In these cases there was involved an interpretation of the language in the Charter of the City of Saratoga Springs (L. 1916, ch. 229, § 55) which charter provides that, " No action shall be maintained against the city for damages for injuries to person or property sustained within the highways, unless it appear that a prior written notice of the particular place and condition where the injury occurred was given to the commissioner of public works, and there was a failure within a reasonable time thereafter and before the accident to remedy the condition ". In each of these cases the complaint alleged that the plaintiff slipped and fell because of the presence of snow and ice on the sidewalk. In the *Root* case (*supra*), the court said, at pages 238–239: " In the application of this statute a distinction exists between cases where the dangerous condition was created by the city and cases where the dangerous condition was caused by agencies for which the city was not originally responsible. * * * Clearly the city was not responsible for the deposit of snow and ice on the sidewalk."

In both the *Root* and the *Pasquale* cases (*supra*) the court held the Saratoga Springs charter provision applicable and dismissed the complaint because of a failure to allege the service of a written notice of the dangerous condition prior to the accident.

Where it is alleged that the dangerous condition was caused by the city it seems well established that it is not necessary to comply with the provisions of the statute requiring notice of the dangerous condition to be given prior to the happening of the accident. To this effect was the holding of the court in *Minton* v. *City of Syracuse* (172 App. Div. 39). This question was before the General Term of the Supreme Court, Fourth Department, in the case of *Stedman* v. *City of Rome* (88 Hun 279), in which the applicability of the Rome charter provisions on this subject was the issue. The court held (p. 281) the charter provisions to be inapplicable " as the obstruction complained of was created by the defendant's officers, and, therefore, it had full notice of its existence." The complaint in each of these actions alleges that by reason of the negligence of the defendant, the public sidewalk on the bridge, " was out of repair, unsafe and dangerous." Under such circumstances it was not necessary to allege compliance with the charter provision as to notice prior to the accident.

The rule is well settled that on a motion to dismiss a complaint the court must consider as true all allegations set forth in the complaint. In *Dyer* v. *Broadway Central Bank* (252 N. Y. 430) Judge HUBBS, writing for a unanimous court, stated at pages 432–433: " Upon a motion to dismiss a complaint upon the ground that it does not state facts sufficient to constitute a cause of action ' every intendment and fair inference is in favor of the pleading.' * * * If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied."

The motions to dismiss the complaints should be denied and an order to that effect may be entered herein, with $10 costs to the plaintiff in action number one and without costs in action number two.