(34 Misc. Rep. 406.)

## TRAVER v. SNYDER et al.

(City Court of New York, General Term. March 26, 1901.)

1. CONTRACT FOR BENEFIT OF ANOTHER—RIGHT TO SUE THEREON.

Where the purchaser of property sold at a receiver's sale enters into a written agreement under seal with the receiver to pay the expenses of the final accounting of the latter, which is made a condition in the deed to the property, the receiver's attorney may maintain an action against the purchaser to recover an allowance afterwards made to him for his services in such final proceedings, since such promise will support an action by the beneficiary, though the debt was not in existence when the promise was made.

2. SAME—ALLOWANCE OF ATTORNEY'S FEES—FAILURE TO GIVE NOTICE.

The receiver's attorney may maintain such action, though the purchaser was not notified of the proceedings in final accounting to fix the attorney's compensation, as such notice was not made a condition to the purchaser's liability.

Appeal from trial term.

Action by Byron Traver against Valentine P. Snyder and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before McCARTHY, SCHUCHMAN, and DELEHANTY, JJ.

Charles M. Whitney (James L. Bishop, of counsel), for appellants. Byron Traver, in pro. per.

PER CURIAM. This action was to recover the amount of an allowance awarded plaintiff by the supreme court as compensation for legal services performed by him in procuring the final accounting and discharge of the surviving receivers of the Archer & Pancoast Company, a domestic corporation. Defendants were the grantees of the mortgaged franchises and property of said corporation, purchased at a sale in foreclosure, and were sought to be held liable upon the covenant contained in their deeds that they would fully pay, among other things, "the expense of the accounting and discharge proceedings of said receivers as and when the same should be ascertained." Defendants' contention was and is that they could not be held liable upon the agreement under seal, to which plaintiff was not a party, and that they were not bound by the order of the supreme court, in a proceeding to which they were not parties. Their objections were overruled by the trial justice, who directed a verdict for plaintiff for the full amount claimed; and in so doing we are of the opinion that no error was committed.

This case is not unlike that of Riordan v. First Presbyterian Church, 6 Misc. Rep. 84, 26 N. Y. Supp. 38, wherein it was held that a promise by one person for the benefit of another will sustain an action by that person, although the debt which the one promised to pay be not then in existence, and although at the time of the promise the beneficiary be not identified, and that the fact that the promise was evidenced by a sealed instrument made no difference. We are referred, however, by appellants to the case of Embler v. Insurance Co., 158 N. Y., 53 N. E., and 44 L. R. A., wherein Gray, J., in delivering the opinion of the court, says, at page 436, 158 N. Y., page

113, 53 N. E., and page 515, 44 L. R. A.: "But, under the rules of the common law giving a right of action upon the engagement or promise of a party, the cause of action is vested in the person with whom, or to whom, the engagement or the promise is made. An exception is allowed in the case of a third party, for whose benefit a contract is made, when he may be allowed to bring an action in his own name. In such case, however, it must appear that, when the contract was made, some obligation or duty was owing from the promisee in the contract to the party to be benefited;" and it is urged that this is decisive of the question at issue. We fail to see it in that light. An examination of the opinion in question reveals that the portion quoted is clearly obiter dictum, and was not concurred in by the other judges who participated in the decision of the cause in question. We think the law applicable in this case, as laid down by the court of appeals, is to be found in Townsend v. Rackham, 143 N. Y., at page 522, 38 N. E. 733, where Peckham, J., says:

"The doctrine of Lawrence v. Fox, 20 N. Y. 268, and the subsequent cases, can furnish no grounds for sustaining the right of the plaintiffs to maintain this action. In none of them is there an intimation that the action could be sustained by the third person in the absence of any liability in his favor due, or to grow due, from the one to whom the promise was made."

As to the objection that the defendants were not bound by the order of Mr. Justice Bischoff, fixing the allowance of the plaintiff in the accounting proceeding, because of their failure to receive notice thereof, we have only to say that, in our opinion, said defendants were not entitled to notice of such accounting and discharge proceeding, not having made it a condition precedent to their liability.

We cannot discover that any errors were committed upon the trial, and for that reason believe that the judgment appealed from should be affirmed, with costs.